Robert W. SATTERFIELD, Appellant,

v.

Lela Ruth BURKE, Appellee.

No. 15333.

Court of Civil Appeals of Texas, San Antonio.

Sept. 4, 1974.

Rehearing Denied Oct. 16, 1974.

Cadena, J., filed opinion dissenting in part, see 516 S.W.2d 693.

Pat Maloney, San Antonio, for appellant.

C. G. House, House, Mercer, House, Brock & Wilson, San Antonio, for appellee.

BARROW, Chief Judge.

This is an appeal by a devisee from an order of the County Court at Law No. 6 of Bexar County, sitting in matters probate, dismissing for want of jurisdiction devisee's objections and exceptions to the final account filed in said probate court by the independent executrix.

Appellant is the son of Glenn Satterfield, Deceased, by a prior marriage, and appellee is the surviving widow. On September 26, 1966, the last will and two codicils of deceased were admitted to probate whereby appellee was appointed independent executrix. She duly qualified and has continued to serve in that capacity although there has been substantial controversy over the estate with appellant. On August 8, 1973, appellant filed a demand for an accounting pursuant to Section 149A, Probate Code, V.A.T.S.[1] On October 24, 1973, appellee filed a "Final Accounting" which was signed and verified by her attorney with the averment that same was true and correct to the best of his knowledge. On January 31, 1974, appellant filed numerous objections and exceptions to said final account. Supplemental accounts were subsequently filed by appellee, apparently to meet some of the objections raised by appellant. On March 26, 1974, an order was signed on the court's own initiative whereby the appellant's objections and exceptions to the final accounting were dismissed for lack of jurisdiction and appellant has timely perfected this appeal from said dismissal.

Section 3(aa) of the Probate Code as amended by Acts 1957, 55th Leg., p. 53, Chap. 31, Sec. 2(a), expressly limits the probate court's control over independent executors with respect to settlement of estates to that expressly provided by law. See also Section 145 of the Code; Corpus Christi Bank & Trust v. Alice National Bank, 444 S.W.2d 632 (Tex.1969); Bell v. Still, 403 S.W.2d 353 (Tex.1966); Metting v. Metting, 431 S.W.2d 906 (Tex. Civ.App.—San Antonio 1968, no writ).

Section 149A of said Code was added in 1971, and said statute, as amended in 1973, permits any person interested in the estate to demand an accounting from the independent executor at any time after fifteen months from the date the will was admitted to probate. Upon such a demand being made, the independent executor is required to furnish said party an exhibit in writing, sworn and subscribed by the independent executor setting forth certain specified information. Provision is made in said rule for enforcing the demand for an accounting in either the probate court or by suit in the district court.

[1]. All references are to the Texas Probate Code, Tex.Rev.Civ.Stat.Ann.

Prior to the adoption of the Probate Code in 1955, the courts had no power to close an independent administration and, thus, there was no way by which the closing of an independent administration could be made to appear of record. Sections 151 and 152 of the Code provide two separate methods whereby the closing of an independent administration can be made a matter of record. Section 151 provides in part that when the administration is completed, the independent executor may file a final verified account with the probate court. The filing of such account or affidavit shall terminate the independent administration and the power and authority of the independent executor, but shall not relieve the independent executor from liability for any mismanagement of the estate or from liability for any false statements contained in the affidavit. Section 152 authorizes any distributee to file an application to close an independent administration at any time after the estate has been fully administered and provides that the court, *upon hearing,* may enter an order closing the administration.

It is seen that there is no provision in Sections 149A, 151 or 152 for anyone to file objections or exceptions to the independent executor's account. Furthermore, there is no requirement that notice issue or that same be approved by the probate court as required for settlement of ordinary administrations. See Section 408 of the Code. Nevertheless, it is seen that appellee here specifically prayed that " . . . after due notice to all interested parties herein, the Court enter an Order ratifying and approving the Final Accounting; closing the estate; and discharging the executrix from further liability." She thereby invoked the potential jurisdiction of the probate court to determine the correctness of said account. Obviously if all interested parties are to be cited and bound by an order discharging executrix from all liability, said parties must be given the right to object and except to said account.

Since appellee invoked the jurisdiction of the probate court by asking the court to approve said account, it is therefore unnecessary to consider the effect, if any, of the constitutional and statutory changes brought by the amendment of Article 5, Section 8 of the Texas Constitution, Vernon's Ann.St., and the Section 5 of the Probate Code [2] insofar as same relates to the jurisdiction of the probate court over an independent executor.

The judgment of the court dismissing appellant's objections and exception to appellee's final accounting for want of jurisdiction is reversed, and the cause remanded to the probate court for consideration on the merits.

---

2. Effective November 6, 1973.