**Robert W. SATTERFIELD, Appellant,**

**v.**

**Lela Ruth BURKE, Appellee.**

**No. 15333.**

Court of Civil Appeals of Texas,
San Antonio.

Sept. 4, 1974.

Rehearing Denied Oct. 16, 1974.

For majority opinion see Tex.Civ.App., 514 S.W.2d 138.

CADENA, Justice (dissenting in part).

Section 149A, Texas Probate Code, Tex.Rev.Civ.Stat.Ann., V.A.T.S., provides that any person interested in an estate in the process of being administered by an independent executor may, after the expiration of 15 months from the date of the probate of the will appointing an independent executor, demand an accounting from the independent executor. Upon receipt of such demand, the independent executor is required to furnish a written accounting, sworn to and subscribed by the independent executor, setting forth in detail the various matters specified in that section. The statute expressly provides that if the independent executor does not comply with the demand for an accounting within 60 days after receipt of the demand, the person making the demand may compel compliance by an action in the probate court or by a suit in the district court, and that, following a hearing, the court shall enter an order requiring the accounting to be made at such time as it deems proper under the circumstances.

Here, appellant, on August 8, 1973, filed in the probate court an instrument described as "Demand for Accounting." This instrument is addressed to appellee and is supported by a certificate by appellant's attorney reciting that a true copy of such demand had been served on appellee's attorney. This instrument does not contain any language seeking any action by the probate court.

On October 24, 1973, appellee filed in the probate court an instrument designated "Final Accounting." This instrument contains a prayer to the effect that, following notice to all interested parties, the court enter an order ". . . ratifying and approving the Final Accounting; closing the estate; and discharging the executrix from any further liability."

It is clear that the "final accounting" filed in court by appellee is not the accounting demanded by appellant. It is not sworn to or subscribed by appellee, the independent executrix, as required by Section 149A. Instead, it is subscribed by appellee's attorney, and is supported merely by the "affidavit" of such declaring that he has read the accounting and that the allegations contained in it are true and correct "to the best of his knowledge."

On January 31, 1974, appellant filed his "Objections and Exceptions to Final Accounting." Appellant complained, *inter alia,* that the accounting did not comply with the requirements of Section 149A, and prayed, among other things, that appellee be required to comply with the requirements of Section 149A.

In view of the provisions of Section 149A, it cannot be doubted that the probate court had jurisdiction to order appellee to furnish appellant with an accounting as provided for in such section. Therefore, insofar as appellant sought to compel appellee to comply with the provisions of Section 149A, the court below clearly erred in holding that it lacked jurisdiction, including, of course, the power to determine whether the instrument filed by appellee was a sufficient compliance with appellant's demand for an accounting. I, therefore, agree that the case must be remanded to the court below for a determination of the question of appellant's compliance with Section 149A.

However, I would limit the remand to that single purpose. Bearing in mind that we are faced with an independent administration, the probate court is without jurisdiction to determine the other questions raised by appellant's exceptions and objections to the "final accounting." Some of the objections concern the failure of the executrix to comply with a judgment rendered by a district court in an independent proceeding. I find nothing in the Code which empowers the probate court to compel an independent executor to comply with the orders of a district court rendered in an independent action. Appellant also questions some of the individual items set forth in the accounting. For example, appellant objected to the amount of the fee claimed by appellee as executrix, and prays that appellee be denied "any Executrix fee."

Even if the "final accounting" filed by appellee be regarded as an attempt by her to close the independent administration by the filing of a verified accounting, as provided by Section 151 of the Code, the filing of such accounting cannot have the effect of enlarging the jurisdiction of the probate court with reference to independent administrations. As the majority opinion correctly points out, the Code contains no provisions authorizing the filing of exceptions or objections to such verified account filed for the purpose of closing the independent administration. Section 151 contains no language indicating that the probate court is empowered to take any action whatever with reference to such verified account. It does not authorize the probate court to approve or disapprove it. It is clear that the purpose of Section 151 is purely administrative in nature. It was designed to furnish some method of providing record evidence that the administration has been closed. There is no basis for a construction of that Section as an enlargement of the power of the probate court.

The fact that appellee asked the probate court to "ratify" and "approve" the final accounting is irrelevant. One cannot,

merely by asking a court to do that which the court has no power to do, clothe the tribunal with power to act. Nor is the probate court's jurisdiction enlarged by appellee's request that the court enter an order "discharging" her "from any further liability." Section 151 expressly provides that the filing of the verified account for the purpose of closing an independent administration shall not have the effect of discharging the independent executor from liability for mismanagement of the estate or from liability for false statements contained in the verified account. The power of a court is not increased by a request that it exceed its power.