Lela Ruth BURKE, Petitioner,

v.

Robert W. SATTERFIELD, Respondent.

No. B–4937.

Supreme Court of Texas.

May 21, 1975.

House, Mercer, House, Brock & Wilson, C. G. House and John E. Bevil, San Antonio, for petitioner.

Pat Maloney, San Antonio, for respondent.

DENTON, Justice.

This controversy arose out of a demand for an accounting pursuant to Section 149A of the Texas Probate Code,[1] from an independent executrix which was filed in a county court at law, sitting in matters probate, by a devisee under the will. The executrix thereafter sought to file

---

1. All references will be to the Texas Probate Code unless otherwise specifically noted.

in the same court a final accounting under Section 151[2] to which the devisee has leveled numerous objections and exceptions. The probate court, however, on its own motion subsequently overruled and dismissed these objections and exceptions for lack of jurisdiction. Upon appeal, the court of civil appeals reversed and remanded, holding that the probate court had jurisdiction to entertain the objections and exceptions filed by the devisee because the executrix's prayer in her final accounting, asking for all interested parties to be notified and that she be discharged from all liability, invoked the potential jurisdiction of the probate court to determine the correctness of the accounting. 514 S.W.2d 138. We agree, but for a different reason, that the judgment of the court of civil appeals was correct as to the probate court's jurisdiction to determine the executrix's compliance with Section 149A. As set out in the partial dissenting opinion at 516 S.W.2d 693, however, the objections complaining of the failure by the independent executrix to comply with a prior district court judgment and the attack upon the commission claimed by the executrix would not be within the probate court's jurisdiction; and we therefore modify that portion of the judgment which would remand these questions back to the probate court for consideration.

On September 26, 1966, the last will and testament of the deceased, Glenn Satterfield, was admitted to probate and Mrs. Lela Ruth (Satterfield) Burke was appointed independent executrix. She duly qualified and has continued to serve in that capacity up to the date that this action arose although there has been substantial controversy over the distribution of the decedent's estate.

Robert W. Satterfield, the son of the deceased by prior marriage and a devisee under the will, filed in the probate court on August 8, 1973, an instrument addressed to the executrix and entitled "Demand for Accounting" pursuant to Section 149A of the Texas Probate Code. This section of the probate code basically provides that an accounting may be obtained from an independent executor by any person interested in the estate being administered after the expiration of 15 months following the date the will was probated. The statute goes on to provide that if the independent executor does not furnish an accounting as provided for therein prior to the expiration of 60 days after receiving the request therefor, the person making the demand may compel compliance by an action in the probate court or by a suit in the district court and that, following a hearing, the court shall enter an order requiring the accounting to

2. Section 151 provides as follows:
Closing Independent Administration
by Affidavit
(a) Filing of Affidavit. When all of the debts known to exist against the estate have been paid, or when they have been paid so far as the assets in the hands of the independent executor will permit, and when the independent executor has distributed to the persons entitled thereto all assets of the estate, if any, remaining after payment of debts, the independent executor may file with the court a final account verified by affidavit. Such account shall show:
(1) The property of the estate which came into the hands of the independent executor; and
(2) The debts that have been paid; and
(3) The debts, if any, still owing by the estate; and
(4) The property of the estate, if any, remaining on hand after payment of debts; and

(5) The names and residences of the persons to whom the property of the estate, if any, remaining on hand after payment of debts has been distributed.
(b) Effect of Filing the Affidavit. The filing of such an affidavit shall terminate the independent administration and the power and authority of the independent executor, but shall not relieve the independent executor from liability for any mismanagement of the estate or from liability for any false statements contained in the affidavit. When such an affidavit has been filed, persons dealing with properties of the estate, or with claims against the estate, shall deal directly with the distributees of the estate; and the acts of such distributees with respect to such properties or claims shall in all ways be valid and binding as regards the persons with whom they deal, notwithstanding any false statements made by the independent executor in such affidavit.

be made at such time as it deems proper under the circumstances.

On October 24, 1973, the independent executrix filed in the probate court, apparently pursuant to Section 151, an instrument designated as a "Final Accounting" which was signed and verified by her attorney with the averment that the same was true and correct to the best of his knowledge. This instrument, while noting that there is some $5,000.00 in the estate remaining to be disbursed to the heirs, contains a prayer to the effect that following notice to all interested parties, the court should enter an order "ratifying and approving the Final Accounting; closing the estate; and discharging the executrix from any further liability."

The respondent, the devisee seeking the accounting, filed numerous objections and exceptions to the final accounting on January 31, 1974 complaining, *inter alia,* that the accounting was vague, indefinite and did not comply with the requirements of Section 149A and that the executrix had failed to comply with the judgment rendered by another court in a prior independent action wherein the will had been construed. The devisee also requested that, in view of the above complaints and the executrix's improper computation of her commission, she be denied any fee or commission for her services as executrix. These objections and exceptions, however, were subsequently overruled and dismissed by the probate court on its own motion for the lack of jurisdiction.

The court of civil appeals opinion, while recognizing the rule announced by Section 145 and applied by this Court in Corpus Christi Bank and Trust v. Alice National Bank, 444 S.W.2d 632 (Tex.1969) to the effect that the probate court's control over independent administration of decedents' estates is strictly limited to situations specifically and explicitly set out in the probate code, concludes that there is no provision within the sections relevant to accountings by independent executors whereby one may file objections or exceptions to

such an accounting. The majority opinion nevertheless concludes that the executrix in the instant case invoked the potential jurisdiction of the probate court to determine the correctness of the final accounting she filed. This conclusion, as was pointed out in the opinion, was arrived at upon consideration of the executrix's prayer in the final accounting which asked that all interested parties be notified and that the court ratify and approve the accounting thereby closing the estate and discharging the executrix from further liability.

■ It must first be noted that the probate code in no manner provides for the approval or disapproval of the substance of a "Final Accounting" by an independent executor. Rather, Section 151 specifically provides the filing of such an accounting with the probate court "shall not relieve the independent executor from liability for any mismanagement of the estate or from liability for any false statements contained in the affidavit." A reading of this provision and the accompanying interpretative commentary clearly indicates that Section 151 is purely administrative in nature, providing simply a method whereby the closing of an independent administration can be made a matter of record. It appears, therefore, that Section 151 cannot be construed as specifically providing the probate court with the power to look to the substance of the accounting in an effort to determine whether it is accurate or whether the executor has properly administered the estate. It is also fundamental, as opposed to the court of civil appeals conclusion to the contrary, that the subject matter jurisdiction of a court cannot be enlarged by an agreement between the parties or a request that the court exceed its powers. *See* Rowland v. Moore, 141 Tex. 469, 174 S.W.2d 248 (1943); Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W.2d 598 (1943); Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641 (1933). Therefore, the executrix's request for approval of her final accounting by the probate court would not invest that court with the power to pass on the correct-

ness of the accounting or to entertain objections that challenge the distribution of the estate.

■ Turning now to Section 149A, however, we hold that language contained therein invests the probate court with jurisdiction to consider certain exceptions that might be filed with respect to an accounting submitted thereunder in view of the provisions of the statute which provide in part that

> The independent executor shall thereupon furnish to the person or persons making the demand an exhibit in writing, sworn and subscribed by the independent executor, *setting forth in detail*:
>
> 1. The properly belonging to the estate which has come into his hands as executor.
>
> 2. The disposition that has been made of such property.
>
> 3. The debts that have been paid.
>
> 4. The debts and expenses, if any, still owing by the estate.
>
> 5. The property of the estate, if any, still remaining in his hands.
>
> 6. *Such other facts as may be necessary to a full and definite understanding of the exact condition of the estate.*
>
> .    .    .    .    .    .
>
> (b) Enforcement of Demand. Should the independent executor not comply with a demand for an accounting authorized by this section within sixty days after receipt of the demand, *the person making the demand may compel compliance by an action in the probate court* . .  .. (Emphasis added.)

Such language would undoubtedly permit the probate court to consider exceptions, as were filed in the instant case, which complain of vague, general or indefinite entries in an accounting filed under Section 149A. How else could a person interested in an estate secure his right, under this statute, to obtain a "full and definite understanding of the exact condition of the estate"? The above provisions relating to the specificity of the accounting, however, do not speak to nor allow a probate court, as also sought in the instant case, to require an accounting in accordance with the judgment construing the will in a prior action.

■ Notwithstanding her contention that Section 149A provides no authority whereby the probate court could look to the substance of an accounting filed thereunder, the executrix asserts that we are here presented only with a final accounting, tendered in accordance with Section 151, and that under the terms of that section neither the probate court nor any interested party has the power to question such an accounting. Before this assertion is considered, it should be noted that the accounting submitted by the executrix revealed that some $5,000 in the decedent's estate remained to be distributed to the heirs. Section 151, however, specifically provides that the executor may close an independent administration by affidavit only "when the independent executor has distributed to the persons entitled thereto *all assets* of the estate." (Emphasis added.) In a similar proceeding to close an independent administration brought by a distributee under Section 152, this Court has held that the terms of the statute, which require the estate to have been fully administered, must be strictly followed. Davis v. East Texas Savings & Loan Association, 163 Tex. 361, 354 S.W.2d 926 (1962). It would appear that the same considerations would obtain here. Another factor affecting the determination of whether we are faced with a Section 151 accounting here concerns the affidavit attached to the accounting submitted by executrix which was signed by her attorney and stated that he had "read the account-

ing and allegations set out thereunder and same are true and correct to the best of his knowledge." Unless authorized by statute, an affidavit is insufficient unless the allegations therein are direct and unequivocal and perjury can be assigned upon it. *See* Spinks v. Matthews, 80 Tex. 373, 15 S.W. 1101 (1891); Graham v. McCarty, 69 Tex. 323, 7 S.W. 342 (1887); Nagelson v. Fair Park National Bank, 351 S.W.2d 925 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.) and cases cited therein. The affidavit before us now, however, would not appear to positively and unqualifiedly represent the facts as disclosed in the accounting to be true and within the personal knowledge of the affiant. Additionally an attorney has been conferred, under Rule 14, Texas Rules of Civil Procedure, the right to make an affidavit for his client only during the progress of a cause or proceeding; a situation which is not presented by the filing of a final accounting under Section 151. *See also* Am.Jur.2d Affidavits § 4 (1962). We, therefore, have presented here an accounting which is a final accounting in name only and does not meet the requisites of Section 151.

█ We should not, however, be understood here to hold that if a proper final accounting had been tendered by the executrix, that the probate court would have been precluded from acting under Section 149A. Once the probate court has been timely called upon to compel an executor to comply with the terms of that statute, its jurisdiction will not be defeated by an administrative statute designed only to allow the closing of an independent administration to appear of record.

█ As set out in the recitation of the facts surrounding this appeal, it was noted that several of the objections leveled at the accounting concerned the failure of the executrix to comply with a district court judgment in a prior independent action involving a construction of the decedent's will, as well as complaints referring to the commission claimed in the accounting by the executrix. As correctly pointed out by the partial dissenting opinion, nothing in the probate code empowers the probate court to compel an independent executor to comply with the orders of a district court rendered in an independent action nor is there any authority that would permit the probate court to pass on the validity of an executor's claim concerning his commission. The devisee argues, however, that Section 5 of the Texas Probate Code, which was recently enacted pursuant to the amended version of Article V, Section 8 of the Texas Constitution, Vernon's Ann.St., permits the filing in the county court at law, sitting in matters probate, *all* applications, petitions and motions regarding probate rather than in the district court. This reading of the statute, however, fails to take into consideration the limiting language "unless otherwise provided by the legislature." Section 145 of the Texas Probate Code, which strictly circumscribes the power of the probate court over independent executors, is clearly such a provision and should be controlling. To hold otherwise would be read into the newly amended Section 5 the implied repeal of the long-standing policy in this state, implemented by Section 145, which permits an independent executor, free of judicial supervision, to effect the distribution of an estate with a minimum of cost and delay. In view of the continued vitality of Section 145, it would appear that the probate court would not have jurisdiction to consider the objections to a final accounting by a devisee that related to the judgment in a prior independent proceeding or complaints as to the executrix's commission.

The judgment of the court of civil appeals is therefore modified, and as modified, affirmed with the cause remanded to the probate court for further proceedings in accordance with Section 149A and this opinion.