**Paolo di PORTANOVA, Individually and as Former Guardian of the Estate of Ugo di Portanova, N.C.M., Relator,**

v.

**The Honorable John HUTCHISON, Presiding Judge of Probate Court No. 1, Harris County, Texas, Respondent.**

No. 01–88–01179–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 28, 1989.

Marshall Davis Brown, Jr., Joseph J. Finkel, Azar & Finkel, Houston, for relator.

J. Eugene Clements, Porter & Clements, Houston, James Hartnett, Jr., James J. Hartnett, P.C., Dallas, for respondent.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

## OPINION

DUGGAN, Justice.

Relator seeks mandamus relief from respondent's order denying his motion for protective order from discovery sought by the real party in interest, River Oaks Trust Company. Relator is the father of Ugo di Portanova ["Ugo"] and was the court-appointed guardian of his person from 1967 to 1988. River Oaks Trust Company was appointed the guardian of Ugo's estate in 1987 and has sued for an accounting of distributions relator received for Ugo's benefit during his guardianship. Relator specifically objects to the demand that he account for approximately $18,000,000 that was distributed to him for Ugo's benefit from various family trusts.

Mandamus is an extraordinary remedy and requires that relator show a (1) clear abuse of discretion and (2) the absence of an adequate remedy by appeal. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985). A clear abuse of discretion exists when the trial court's decision is arbitrary, unreasonable, or is reached without reference to any guiding rules. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

Relator first contends that River Oaks Trust Company has no standing to question his receipt and disbursement of trust funds during his guardianship of Ugo's person.

A guardian of the estate of a ward is entitled to possession and management of all properties belonging to the ward, and has the duty to bring suits on behalf of the ward. Tex.Prob.Code Ann. sec. 230(b)(1) (Vernon 1980). The guardian of the estate must account for all revenues of the estate. *Id.* The guardian of a person must also file sworn accountings annually, showing *each item* of receipt and disbursement for the support of the ward. Tex.Prob.Code Ann. sec. 399(c) (Vernon 1980). Guardians are held to strict accountability for their acts.

■ A successor guardian is required to account for all of the estate that came into the hands of its predecessor and is entitled to any order in the court's power that is necessary to enforce the delivery of the estate. Tex.Prob.Code Ann. sec. 224 (Vernon 1980). The successor guardian is excused only from accounting for such of the estate that it has failed to recover after due diligence. *Id.* Thus, River Oaks Trust Company was a proper party to demand an account or challenge the disposition of revenue that was paid for Ugo's benefit, given its legal responsibility for managing Ugo's estate, and its duty to account for the estate in the hands of a predecessor representative of the ward.

■ Additionally, the Probate Code provides that any party interested in the ward's estate may seek a final accounting by a guardian. See Tex.Prob.Code Ann. sec. 406 (Vernon 1980). As the guardian of Ugo's estate, River Oaks Trust is a party "interested in the welfare of ... an incompetent ward." Tex.Prob.Code Ann. sec. 3(r) (Vernon 1980). Here, the money the relator received from Ugo's trust fund distributions was "revenue" belonging to the ward, that was paid during the relator's guardianship. River Oaks Trust Company, as the guardian of Ugo's estate, is a party interested in the ward's estate who could cause the relator to account for the revenue received and its disposition during his guardianship.

We overrule relator's challenge to the real party in interest's standing.

**858**

Relator next contends that because previous accountings submitted during the tenure of relator's guardianship were not challenged by the guardian of Ugo's estate, any objections concerning the transactions covered by those accountings were waived or ratified. We overrule this contention. Previous accountings may be re-examined on a final accounting, and even court approval of the annual accounts required of a personal representative does not preclude a later challenge. *See Thomas v. Hawpe*, 35 Tex.Civ.App. 311, 80 S.W. 129, 131 (1904, writ ref'd); *In re Higganbotham's Estate*, 192 S.W.2d 285, 289 (Tex.Civ.App.—1946, no writ).

Relator also asserts limitations as a bar to the discovery of documents relating to actions occurring before the limitations period. Relator contends that the longest potentially applicable limitations period would be the four-year limit governing actions to impose a constructive trust. However, the Probate Code imposes liability upon the guardian of the estate to account for the estate that came into the hands of its predecessor, with no specified time limitation. The Code requires a guardian to account for revenues and distributions made for the benefit of the ward *during the guardianship*. See Tex.Prob.Code Ann. sec. 405. The right to attack a predecessor's accountings is thus not barred by limitations. *See Oldham v. Brooks*, 25 S.W. 648 (Tex.Civ.App.—1894, no writ).

Finally, relator contends that to require production of documents for the entire period of his guardianship would be unduly burdensome and harrassing. Again, the Probate Code requires strict responsibility and accountability by a guardian for the period *of the guardianship* and does not excuse older transactions for reasons of convenience. Additionally, discovery is not limited to admissible evidence. The permissible scope of discovery includes "any matter which is relevant to the subject matter in the pending action." Tex.R.Civ.P. 166b(2)(a). The information sought need not be admissible evidence, if it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

Given the special trust and responsibilities imposed upon a guardian, and the strict accountability required by law, we cannot say that discovery relating to a guardian's actions during his guardianship is "unduly burdensome or harrassing."

Relator's motion for leave to file is overruled.