Opinion issued February 19, 2004














In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00057-CV




MICHAEL M. ROACH, Appellant

V.

PATRICIA SUE ROWLEY, Appellee




On Appeal from Probate Court No. 1
Harris County, Texas
Trial Court Cause No. 321379




O P I N I O N
          Appellant, Michael M. Roach, appeals an order denying his objection to a temporary
administrator’s final accounting. We affirm.
 

BACKGROUND
           Michael Wayne Garson died on March 25, 2001, leaving his father, Robert Garson
(Garson), as his only heir. Garson filed an application for letters of independent
administration in which he stated that Michael Wayne Garson had died intestate. Michael
Gullo filed an opposition to Garson’s application, asserting that, at the time of the decedent’s
death, he had a valid, unrevoked, written will. Garson filed an application for the
appointment of a temporary administrator pending the contest of the estate, and the probate
court appointed appellee, Patricia Sue Rowley, an attorney with the firm of Benson &
Anderson, as temporary administrator. Roach, a devisee under the will, filed a petition in
intervention.
           Between November 13, 2001 and October 7, 2002, Rowley filed nine applications for
interim payment of her fees and expenses.


 The probate court approved each of these
applications, and the sums requested were paid to Benson & Anderson. Roach asserts that
a total of $24,993.57 was paid to Rowley and that this amount was over 20% of the fair
market value of the estate. Rowley does not contest these assertions. Roach did not file an
objection to any of the applications for interim payment. Rowley filed an amended account
for final settlement on November 25, 2002, and, on December 13, Roach filed his objection
to the final accounting in which he objected only to the fees paid to Rowley. On December
19, the probate court signed an order denying Roach’s objection and an order approving the
amended final accounting. The court filed findings of fact and conclusions of law in
response to Roach’s timely request. 
           On appeal, Roach challenges the court’s conclusions of law as follows:
14.Devisee does not have standing to object to Temporary
Administratrix’s Final Accounting in the presence of a serving personal
representative. 
 
15.Devisee waived his objection to all nine fee orders. 

Roach also challenges the court’s “ruling that the five percent (5%) calculation for [the
temporary administrator]’s fee was unreasonably low” and the court’s award to the temporary
administrator of the entire amount of fees requested. We consider only Roach’s first two
issues regarding standing and waiver. 
DISCUSSION
Standing
           Roach first complains that the probate court improperly concluded that Roach did not
have standing to object to the final accounting. We review a trial court’s conclusions of law
de novo. Nelkin v. Panzer, 833 S.W.2d 267, 268 (Tex. App.—Houston [1st Dist.] 1992, writ
dism’d w.o.j.).
           At the time Roach filed his objection to the final accounting, the heir and devisees had
reached a family settlement agreement, the probate court had signed an order approving the
agreement, and Gullo, one of the devisees, had been appointed as personal representative of
the estate of Michael Wayne Garson. Rowley argued in the trial court and argues on appeal
that the personal representative of the estate of a decedent is the only person entitled to sue
for the recovery of property belonging to the estate unless the personal representative has
refused to enforce a debt due the estate, citing Frazier v. Wynn, 472 S.W.2d 750, 752 (Tex.
1971). In Frazier, the supreme court stated that, before heirs at law could maintain a suit for
the recovery of property belonging to an estate, they must allege and prove that no
administration is pending and that none is necessary. Id. at 752. The court applied this rule
to the plaintiff’s suit to recover damages for breach of a lease held by the decedent. Id. 
Although there had been no administration of the estate, there was a necessity for
administration, and the heir was not entitled to maintain the suit. Id. at 752-53. 
           In the present case, Roach was not filing a lawsuit to recover property belonging to
the estate. He was merely objecting, as an interested party, to the final accounting. Section
10 of the Probate Code provides:
Any person interested in an estate may, at any time before any issue in
any proceeding is decided upon by the court, file opposition thereto in writing
and shall be entitled to process for witnesses and evidence, and to be heard
upon such opposition, as in other suits.

Tex. Prob. Code Ann. § 10 (Vernon 2003). Rowley argues, without citing authority, that
the probate court’s conclusion of law that Roach did not have standing to object to the final
accounting is “a clear exception to [Roach]’s claim of standing” under section 10. We
consider the language of section 10 to be clear and to permit the filing of an objection by any
interested party to any issue in any proceeding before the probate court.
           We find no cases specifically holding that an interested party may file an objection to
a final accounting even though the estate has a personal representative. However, the facts
in Burke v. Satterfield, 525 S.W.2d 950 (Tex. 1975), involve such an objection. 
           In Burke, a devisee objected to the final accounting filed by the independent executor. 
Id. at 952. The trial court dismissed the objections for lack of jurisdiction on the grounds that
a probate court’s control over independent administration of estates is strictly limited to
situations set out in the probate code. Id. The court of appeals reversed, and the supreme
court affirmed the court of appeals’ judgment as modified and remanded the cause to the
probate court for further proceedings. Id. The supreme court held that the language of
section 149A invests the probate court with jurisdiction to consider exceptions to a final
accounting. Id. at 954. Thus, the probate court had jurisdiction to consider the objections
to a final accounting filed by an interested person. 
           We conclude that, under section 10 of the Probate Code, and consistent with Burke,
any interested person may file an objection to a final accounting of a decedent’s estate. We
hold that Roach had standing to object to the temporary administrator’s final accounting. 
Accordingly, we sustain Roach’s first issue. 
Waiver
           In his second issue, Roach complains that the probate court erred in concluding that
his objection to the temporary administrator’s final accounting was waived. Roach contends
that the annual or interim accounts are not res judicata and may be brought forward in the
final accounting to be re-examined, citing DeGaugh v. Jamison, 419 S.W.2d 389 (Tex. Civ.
App.—Houston [1st Dist.] 1967, writ ref’d n.r.e.), and Portanova v. Hutchison, 766 S.W.2d
856 (Tex. App.—Houston [1st Dist.] 1989, no writ). DeGaugh and Portanova involve
challenges by the heirs to administrators’ handling of the estates, and the fees paid to the
administrators were not an issue in either case. See Portanova, 766 S.W.2d at 857-58;
DeGaugh, 419 S.W.2d at 391. 
           The issue in this case is whether the orders of the probate court approving the
application of the temporary administrator for payment of fees and expenses were final and
appealable orders. A probate order is appealable if it finally adjudicates a substantial right;
if it merely leads to further hearings on the issue, the order is interlocutory. Wittner v.
Scanlan, 959 S.W.2d 640, 642 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (citing
Huston v. Fed. Deposit Ins. Corp., 800 S.W.2d 845, 848 (Tex. 1990)). In Wittner, we held
that an order awarding attorney’s fees was final for the purposes of appeal, reasoning that,
because the administration of the estate was an ongoing process, it would be unfair to defer
appellate review of the order until the estate was closed.


 Id. 
           Roach contends that it would have been “impractical, inappropriate and onerous to
police” the temporary administrator’s billing practices in her applications for fees. He argues
that he could not know the full value of the estate until the final accounting, and, therefore,
that he could not determine the proper amount of fees to be paid to the administrator until the
final accounting was filed. 
           The record reflects that Roach received each of Rowley’s applications for interim
payment when they were filed with the probate court. These applications were for payment
for legal fees, not fees as an administrator, and itemized time sheets were attached to the
applications. In the orders awarding the requested fees, the trial court finds the fees to be
reasonable compensation for the services rendered. There is no language in the orders
indicating that they are interlocutory. We hold that the orders awarding Rowley’s fees and
expenses were final and appealable orders. Because he did not appeal these orders within
30 days, Roach has waived his appeal. Accordingly, we overrule Roach’s second issue.
CONCLUSION
           Our disposition of Roach’s second issue is dispositive of this appeal. Therefore, we
need not reach his third and fourth issues challenging the amount of the fees paid.
           We affirm the judgment.
 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.