**Opinion issued February 11, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00193-CV

_____

**JOHN LAWTON, Appellant**

**V.**

**DAVID W. LAWTON, INDIVIDUALLY, AS FORMER INDEPENDENT EXECUTOR OF THE ESTATE OF JOSEPH G. LAWTON, DECEASED, AND AS FORMER AGENT FOR JOSEPH G. LAWTON UNDER A POWER OF ATTORNEY, Appellees**

---

On Appeal from the County Court at Law No. 1
Fort Bend County, Texas
Trial Court Case No. 14-CCV-053769

---

## MEMORANDUM OPINION

Appellant John Lawton sued his brother David Lawton asserting breach of fiduciary duty and requesting a declaratory judgment in connection with David's alleged mismanagement of their father's estate. David moved for summary

judgment, arguing that because he had closed the estate, John's claims were barred by res judicata. The trial court granted summary judgment in David's favor and awarded him attorney's fees. Because res judicata does not foreclose John's claims against David, we reverse and remand.

## Background

### Estate administration begins

After John and David's father Joseph died on March 21, 2009, David initiated Cause No. 09-CPR-021945 in Fort Bend County Court at Law No. 1 to probate Joseph's will (the "estate administration"). *Lawton v. Lawton*, No. 01-12-00932-CV, 2014 WL 3408699, at *1 (Tex. App.—Houston [1st Dist.] July 10, 2014, no pet.). David, who had served as Joseph's agent before his death under a power of attorney, was appointed executor. In June 2011, John filed a demand for an estate accounting.

### John files probate claims case

In November 2011, John sued David in Fort Bend County Court at Law No. 1. In his original petition, John sought estate and power of attorney accountings, requested that David be removed as executor, and that John be awarded attorney's fees. *Id.* John's petition was docketed in a separate proceeding, Cause No. 09-CPR-021945-A (the "probate claims case"). David moved for summary judgment in the probate claims case and set the motion for a hearing. *Id.* On the morning of the

2

hearing, John filed an amended petition asserting a breach of fiduciary duty claim based upon David's:

- Mismanagement of Joseph's estate;

- Failure to protect John's interests as a beneficiary;

- Failure to disclose all material facts to the estate and John;

- Failure to provide estate and power of attorney accountings;

- Failure to timely distribute estate assets;

- Self-dealing and converting John's assets for David's benefit; and

- Conflict of interest.

John also sought a declaratory judgment that, among other things, John had standing to demand accountings from David.

On June 29, 2012, the trial court dismissed without prejudice John's amended petition for failure to comply with Rule of Civil Procedure 63 and granted summary judgment in David's favor in the probate claims case. *Id.* On July 31, 2012, John filed a motion for new trial, which the trial court denied in a written order on September 19, 2012. *Id.* John appealed.

### *David closes the estate*

Meanwhile, on July 11, 2012, two weeks after summary judgment was granted in the probate claims case, David filed a verified closing report in the estate administration. *Id.* John objected on August 10, 2012 on the grounds that:

- The estate and David were parties to the pending probate claims case, and closure of an estate is only proper when there is no pending litigation; and

- The statements contained in David's report were false.

The trial court signed an order overruling John's objections and closing the estate on September 4, 2012, the same day that the trial court denied John's motion for new trial in the probate claims case. *Id.*

### *John appeals the probate claims case*

In the probate claims case appeal, John argued that the trial court erred in granting summary judgment in David's favor. *Id.* at *2. David, for his part, argued that John's claims were moot because the estate was closed. *Id.* A panel of this Court agreed and held that John's claims were moot because they were premised upon the existence of the estate, which had been closed. *Id.* at *4–5. The panel issued its original opinion in March 2014, but later withdrew the original opinion and issued an opinion on rehearing in July 2014; both opinions held that John's claims were moot. *Id.* at *1 n.1. The panel vacated the summary judgment in David's favor and dismissed John's petition, observing, however, that "the closing

4

of the estate does not foreclose John from potentially pursuing a breach of fiduciary duty claim against David that alleges mismanagement of the estate." *Id.* at *5.

### *John sues in district court*

Shortly after the panel's original opinion issued, John sued David in Fort Bend district court for breach of fiduciary duty and a declaratory judgment. David responded with a plea to the jurisdiction. The district court granted the plea and dismissed the case for lack of subject-matter jurisdiction.

### *The present case*

John then sued David in Fort Bend County Court at Law No. 1. John sought a declaratory judgment that, among other things, he had standing to demand an accounting from David related to the power of attorney and to pursue claims against David for exercising that power. John also asserted a breach of fiduciary duty claim along the lines of what he had asserted in the dismissed probate claims case, but adding the allegation that David breached his fiduciary duty by closing the estate with knowledge of John's pending claims against him.

David moved for summary judgment, or in the alternative, sanctions. He argued that John's claims were barred by res judicata, because the closure of the estate over John's objections constituted a final judgment on the merits of John's breach of fiduciary duty and declaratory judgment claims. David also argued that the claims could only have been brought in the estate administration because they

5

related to David's actions as executor. With respect to John's request for a declaratory judgment that he was entitled to a power of attorney accounting, David argued that this request was barred by a four-year statute of limitations and was moot because the estate had closed.

In response to the motion for summary judgment, John argued that closure of the estate did not adjudicate his claims because the Estates Code expressly provides that claims against an executor for estate mismanagement survive closing of the estate unless the executor obtains a declaratory judgment discharging liability, which David did not do. John argued that under the plain language of the Estates Code, his estate mismanagement claims were not resolved by the estate's closure and were not required to be asserted in the estate administration.

John also argued that his request for a declaratory judgment that he was entitled to a power of attorney accounting was a discovery issue, not an affirmative claim subject to limitations. John argued that the request for an accounting was not moot, because it was not a claim he was raising on behalf of the estate and was instead merely a request for evidence of David's actions under the power of attorney.

The trial court granted summary judgment and awarded David attorney's fees.

## Res Judicata

In his first issue, John argues that the trial court erred in granting David summary judgment, because his claims against David are not barred by res judicata.

## A.    Standard of Review

We review a trial court's summary judgment de novo.  *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex. 2010).  When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005).

In a traditional summary-judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex. 1999).  A defendant moving for traditional summary judgment on an affirmative defense has the burden to conclusively prove all the elements of the affirmative defense as a matter of law.  *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

## B.    Applicable Law

"Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit."  *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992); *see Smith v. Brown*, 51 S.W.3d 376, 379 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  Res judicata promotes the

finality of judgments and thus "serves vital public interests." *Hallco Texas, Inc. v. McMullen Cty.*, 221 S.W.3d 50, 58 (Tex. 2007).

Res judicata is an affirmative defense. *See Williams v. Houston Firemen's Relief & Ret. Fund*, 121 S.W.3d 415, 437 n.21 (Tex. App.—Houston [1st Dist.] 2003, no pet.). To establish his right to judgment as a matter of law on his affirmative defense of res judicata, David had to establish (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a subsequent action based on the same claims as were or could have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

## C.     Did David conclusively prove the existence of a prior final judgment on the merits?

In his motion for summary judgment, David argued that the trial court's order overruling John's objections and closing the estate "constituted a final judgment on the merits, with preclusive effect" of John's claims against David for mismanagement of the estate. Applying the plain text of the Estates Code, we conclude that the order closing the estate was not a final judgment on the merits of John's claims.

Our primary objective in construing the relevant Estates Code provisions is to give effect to the Legislature's intent. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009); *see also City of Rockwall v. Hughes*,

246 S.W.3d 621, 625–26 (Tex. 2008) (plain meaning of text is best expression of legislative intent unless different meaning is apparent from context or plain meaning leads to absurd or nonsensical results). Under the Estates Code, an executor may close an estate by filing a verified closing report or notice of closing of the estate:

> When all of the debts known to exist against the estate have been paid, or when they have been paid so far as the assets in the independent executor's possession will permit, when there is no pending litigation, and when the independent executor has distributed to the distributees entitled to the estate all assets of the estate, if any, remaining after payment of debts, the independent executor may file with the court a closing report or a notice of closing of the estate.

TEX. EST. CODE ANN. § 405.004; *see* TEX. EST. CODE ANN. §§ 405.005, 405.006.

The Estates Code explains the effect of such a filing:

> The independent administration of an estate is considered closed 30 days after the date of the filing of a closing report or notice of closing estate unless an interested person files an objection with the court within that time. If an interested person files an objection within the 30-day period, the independent administration of the estate is closed when the objection has been disposed of or the court signs an order closing the estate.

TEX. EST. CODE ANN. § 405.007(a).

David filed a closing report verified by affidavit. *See* TEX. EST. CODE ANN. § 405.005. John objected, but the trial court overruled that objection and ordered the estate closed. In his summary-judgment motion, David argued that the overruling of John's objections constituted an adjudication of John's affirmative claims against

9

David for estate mismanagement. However, the Estates Code expressly provides to the contrary:

> The closing of an independent administration by filing of a closing report or notice of closing estate terminates the power and authority of the independent executor, but *does not relieve the independent executor from liability for any mismanagement of the estate* or from liability for any false statements contained in the report or notice.

TEX. EST. CODE ANN. § 405.007(b) (emphasis added). In overruling objections to a verified closing report, the trial court resolves only whether the report and accompanying affidavit meet the technical requirements of the statute, and not "whether the estate has been properly administered." *In re Estate of Canales*, 837 S.W.2d 662, 669 (Tex. App.—San Antonio 1992, no pet.); *see Burke v. Satterfield*, 525 S.W.2d 950, 953 (Tex. 1975); *In re Estate of Hanau*, 806 S.W.2d 900, 903 (Tex. App.—Corpus Christi 1991, writ denied). Indeed, should an executor desire to be discharged from liability for estate mismanagement, he may obtain a declaratory judgment to that effect:

> [T]he independent executor of the estate may file an action for declaratory judgment under Chapter 37, Civil Practice and Remedies Code, seeking to discharge the independent executor from any liability involving matters relating to the past administration of the estate that have been fully and fairly disclosed.

TEX. EST. CODE ANN. § 405.003(a). It is undisputed that David did not pursue discharge of liability under section 405.003(a).

10

Alternatively, David argued that even if the estate closure did not adjudicate John's claims, John *should* have raised his claims in the estate administration, and his failure to do so barred John's subsequent suit. But accepting David's assertion on this point would render section 405.007 meaningless, because the practical effect would be to foreclose any claims for mismanagement of an estate against an executor after the estate has closed—flatly contradicting section 405.007's statement that such claims can survive the closure of the estate. *See* TEX. EST. CODE ANN. § 405.007(b); *see also Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) (courts must not interpret statute in manner that renders any part of statute meaningless or superfluous).

Moreover, in John's previous appeal, the panel observed that "the closing of the estate does not foreclose John from potentially pursuing a breach of fiduciary duty claim against David that alleges mismanagement of the estate." *Lawton*, 2014 WL 3408699, at *5. Accordingly, we hold that David did not meet his summary-judgment burden to demonstrate the existence of a prior final judgment on the merits of John's claims, an essential element of David's res judicata affirmative defense, and therefore the trial court erred in granting summary judgment on res judicata grounds.[1]

---

[1] David argues that we should affirm the summary judgment because John failed to address other grounds on which the trial court could have granted summary judgment: mootness and limitations. *See Ellis v. Precision Engine Rebuilders, Inc.*,

We sustain John's first issue.

## Attorney's Fees

In his second issue, John contends that the trial court erred in awarding David attorney's fees. Because we have concluded that the trial court erred in granting summary judgment in David's favor, we also must reverse the trial court's award of attorney's fees to David. *See, e.g.*, *Nat'l Cas. Co. v. Charlie Hinds Paint & Body, Inc.*, 434 S.W.3d 254, 256 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (reversing award of attorney's fees where underlying liability finding reversed).

We sustain John's second issue.

## Conclusion

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

---

68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (when summary-judgment order does not specify ground on which it was rendered, appealing party must negate all grounds on appeal*). Importantly, however, David only asserted he was entitled to summary judgment on these grounds on John's request for a declaratory judgment that he was entitled to a power of attorney accounting. John did not fail to address these grounds—he argued that his request for an accounting was merely a request for a discovery tool to aid in the adjudication of his claim for breach of fiduciary duty, and was therefore not moot nor subject to limitations. We agree with John that the nature of this request was not a claim for relief so much as a discovery tool, and that neither limitations nor mootness foreclose John from discovering evidence regarding David's actions pursuant to the power of attorney so far as that evidence is relevant and otherwise discoverable in connection with his breach of fiduciary duty claim.

Rebeca Huddle
Justice

Panel consists of Justices Higley, Huddle, and Lloyd.