# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00520-CV

---

**Scott Many, Appellant**

**v.**

**Victoria Ridgely, as Independent Executor of the Estate of Marjorie Dell Many, Deceased, Appellee**

---

### FROM THE COUNTY COURT OF LLANO COUNTY
### NO. 06904, THE HONORABLE RON CUNNINGHAM, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

This appeal concerns the disposition of the estate (Estate) of Marjorie Dell Many (Deceased) who died testate in January 2013. Appellant Scott Many (Many) and appellee Victoria Ridgely (Ridgely) are siblings and named beneficiaries of the Estate, with Ridgely designated as the independent executor. Many challenges the probate court's final order approving accounting of the Estate, arguing the court erred in (1) approving the accounting despite Many's contention it did not comply with Sections 404.001 and 405.001 of the Texas Estates Code, (2) denying Many's motion for forensic accounting, and (3) ordering Many to reimburse Ridgely for his debt owed to the Estate. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Marjorie Dell Many died on January 14, 2013, leaving her children Scott Many and Victoria Ridgely as beneficiaries of her Estate. Shortly after Decedent's death, Ridgely filed an application for probate. On February 21, 2013, the court admitted the will to probate and granted letters testamentary. The order also required Ridgely, as independent executor, to file with the court an inventory, appraisement, and list of claims of the Estate within ninety days. Ridgely provided these filings two years late, ultimately submitting them to the court on March 5, 2015. The same day it was filed, the probate court approved the inventory, appraisement, and list of claims. One of the listed debts was $200,000 owed to the Estate by Many. Before Decedent's death, she loaned $200,000 to Many to be deducted from his inheritance. Many did not object to any of the accountings or inventory.

During the administration of the Estate, Many placed a lien upon Decedent's residence so as to allegedly insure distribution of one half of the net sale proceeds to him. Many anticipated the net sale proceeds would satisfy his debt to the Estate as well as Ridgely's payments of bills, expenses, and debts of the Estate made from her personal funds. Prior to the sale of the residence, Ridgely hired a contractor to install a new roof to enhance the resale value of the home. Ridgely filed a claim through the homeowner's insurance policy, which in turn issued checks payable to the contractor. Many refused to endorse the check, leaving the contractor unpaid for his services. The residence was eventually sold in July 2020 with the net sale proceeds being held in escrow.

On January 27, 2021, six years after Ridgely's initial accounting, Many sought an accounting pursuant to Section 404.001(a) of the Estates Code. *See* Tex. Est. Code § 404.001(a). The probate court held a hearing on April 8, 2021, at which Ridgely provided the court with an

updated accounting of all Estate transactions. After the hearing, Ridgely provided further information to Many via email correspondence to resolve Many's issues about the accounting, including the rental history of the Decedent's residential property, the condition and upkeep of the residence, and the disposition of Decedent's personal property. On July 12, 2021, despite the previous hearing and subsequent attempts at informal resolution, Many filed a motion for forensic accounting under Section 405.001 of the Estates Code, claiming that Ridgely's accounting of the Estate provided at the April 8, 2021 hearing was insufficient, specifically the itemized debts. The probate court held a hearing three days later to address the motion. After the hearing, the parties submitted their respective arguments to the court: Ridgely provided the probate court with a response to each accounting item challenged in Many's motion for forensic accounting, and Many submitted briefing to the court re-urging his arguments made at the hearing.

On August 27, 2021, the probate court issued a final order (Order) that, among other things: (1) approved Ridgely's accounting, (2) denied Many's motion for forensic accounting, and (3) ordered Many to reimburse Ridgely for his debt owed to the Estate. Many did not submit a motion to modify the order, a motion for reconsideration, or a motion for findings of fact and conclusions of law. Many timely filed this appeal, asking this Court to "vacate the Order, remand to the trial court and order Ridgely to file accounting that complies with the Estates Code; and, in the alternative or additionally, vacate the portion of the order requiring Many to reimburse Ridgely from either his personal funds or from the net proceeds from his share of the house."

## STANDARD OF REVIEW

An order partitioning and distributing estate property is reviewed for an abuse of discretion. *See In re Estate of Gaines*, 262 S.W.3d 50, 55 (Tex. App.—Houston [14th Dist.] 2008,

no pet.).  A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence.  *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).  An appellate court must uphold the trial court's ruling if there is any legitimate basis for it.  *See Owens–Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998).  A trial court does not abuse its discretion when some evidence of substantive and probative character exists to support its decision.  *See Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 211 (Tex. 2002).  An appellate court will not conclude that a trial court abused its discretion merely because, in similar circumstances, the appellate court would have decided the matter differently.  *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## DISCUSSION

Many's first issue is whether the probate court abused its discretion in approving Ridgely's accounting despite his contention that the accounting lacked details necessary for a full understanding of the Estate's condition under Section 404.001(a) (providing that interested person may demand accounting from independent executor).  *See* Tex. Est. Code § 404.001(a)(6).  His second issue is whether the probate court abused its discretion in accepting this accounting and consequently denying his request for a forensic accounting under Section 405.001 (providing interested person, at least two years after existence of independent administration, may petition court for accounting and distribution which includes information necessary for court to distribute estate).  *See id.* § 405.001.  Because the two issues are sufficiently intertwined, we address them in tandem.

Section 404.001(a) of the Estates Code provides that an interested party may demand an accounting from the independent executor.  *See id.* § 404.001(a).  The statute then

provides a list of what the independent executor must provide to the interested party within sixty days, including, among other things: estate property that has "come into" the executor's possession and the disposition of that property; debts paid by the estate; and debts and expenses still owing to the estate. *Id.* Subsection (6) contains a catch-all provision, requiring the executor to show "other facts as may be necessary to a full and definite understanding of the exact condition of the estate." *Id.* Section 405.001, on the other hand, allows an interested person to petition the probate court for accounting *and* distribution. *See id.* § 405.001(a). The probate court "may order an accounting to be made with the court by the independent executor at such time as the court considers proper." *Id.* The statute requires the accounting to include "the information that the court considers necessary to determine whether any part of the estate should be distributed." *Id.*

After the initial accounting in 2015, the record demonstrates that Ridgely provided the probate court with two more detailed accountings: one on April 8, 2021, and an additional accounting after the July 15, 2021 hearing, which included over one hundred pages of invoices, receipts, canceled checks, and other documents, as specific evidence addressing Many's complaints about the accuracy of the Estate's debts. Many objected to both.

First, in regard to the April 8, 2021 accounting, Many complained about "unexplained contradictions" and "inconsistences" within Ridgely's accounting of expenses, one of them being why Ridgely left the Decedent's residence vacant for several years after Decedent's death. In response, Ridgely provided documentation explaining that she attempted to lease the residence but had issues doing so because of the residence's physical condition and her inability to find prospective tenants who could afford the requested rent. Relatedly, Many also questioned the utility expenses on the residence, claiming they were unusually high for a mostly vacant property. In response, Ridgely provided documentation of homeowner's insurance, water usage

5

reports, exterminator services, housekeeping services, and other items related to the upkeep of the residence. As independent executor, Ridgely had a duty to "take care of estate property as a prudent person would take care of that person's own property, and keep [any buildings belonging to the estate] in good repair." *Id.* § 351.101.

Despite these explanations, Many again objected to the accounting, specifically to Ridgely's itemized debts. Once more, Ridgely, in a sworn affidavit and inventory, provided the probate court with a response to the accounting items challenged by Many. These explanatory documents included, among other items: receipts from payments of housekeeping services, property taxes, lawn services, neighborhood association dues, and funeral services. In all, the sworn inventory provided approximately thirty-six items of specific Estate expenses that Ridgely paid out of her own personal funds. Based on the documentary evidence and Ridgely's sworn affidavit, we conclude the probate court did not abuse its discretion in approving Ridgely's final accounting. *See Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex. 1975) (explaining deference is allowed in order to free independent executor from judicial supervision and to effect distribution of estate with minimal cost and delay). We overrule Many's first issue.

Many's second issue is whether the probate court erred in denying his motion for forensic accounting. Because we have determined the probate court did not abuse its discretion in approving Ridgely's final accounting, we necessarily conclude that Many's request for accounting and distribution under Section 405.001 was unnecessary and that the probate court did not err in denying it. The record demonstrates the court provided a detailed final order, including approximately fourteen separate findings, supporting the fact that the court had all the relevant information needed to dispose of the Estate without needing to order forensic accounting. *See* Tex. Est. Code §§ 404.001(a), 405.001; *see In re Estate of Bean*, 120 S.W.3d 914, 918 (Tex.

6

App.—Texarkana 2003, pet. denied) ("As long as the estate is represented by an independent executor, further action should not be had in the court except where the Probate Code, or other law, specifically and explicitly provides for some action in the court."); *see also Burke*, 525 S.W.2d at 954 (concluding court can neither approve nor disapprove final accounting; it can only review whether documentation meets statutory requirements). Finally, we note that Many never objected to Ridgely's original accounting submitted in 2015, discrediting any argument that the accounting was so deficient as to warrant immediate intervention. We overrule Many's second issue.

Many's third issue is whether the probate court abused its discretion in ordering him to reimburse Ridgely for his share of debt owed to the Estate. The net sale of the proceeds from the residence was $316,814.22. Many's one-half share of the net proceeds of the residence was therefore $158,407.11.[1] The record shows Ridgely paid Estate debts in the amount of $122,502.32 using separate personal funds because the Estate had inadequate available cash funds at the time. The probate court ordered one-half of Many's $200,000.00 debt ($100,000.00) and one-half of the reimbursement he owed to Ridgely ($61,251.16) to be deducted from his share of the net sale proceeds ($158,407.11). After those calculations, the record shows Many owed Ridgely $2,844.05.[2] Many argues he is not required to pay that debt because (1) the debt was calculated based on insufficient accountings, (2) Many was not personally liable for the debt, and

---

[1] Ridgely claims the trial court erroneously calculated this number as $158,000.00 and asserts that $158,407.00 is the corrected number. However, based on our calculation, one-half of the net proceeds of the residence ($316,814.22) amounts to $158,404.11.

[2] If the estate debts and expenses totaling $122,502.32 are deducted from the net sale proceeds ($316,814.22), then Many's one-half share of those proceeds is $97,155.95, which is less than the $100,000.00 he owes Ridgely.

7

(3) Ridgely owes the debt instead because she "breached her fiduciary duty" by mismanaging the Estate.

Many preserved the second argument by arguing to the probate court via letter that "a beneficiary of an Estate is not personally responsible for the debts or liabilities of the deceased person or the Estate." In support, Many cites to Section 403.0585 of the Estates Code, which governs the liability of an independent executor to pay a claim. This statute, however, does not apply to the situation in this case; while the Estate had insufficient funds at the time Ridgely fronted the costs, it later had sufficient funds to pay the debts. *See Gallagher v. Redmond*, 64 Tex. 622, 625 (1885) (holding that where will charges estate assets with payment of debts, an heir who pays more than his or her proportionate share of estate debt has action for reimbursement against other heirs). Therefore, the court did not abuse its discretion by ordering Many to reimburse Ridgely for repayment of the debt he owed the Estate combined with his share of the Estate's expenses for which the Estate owed Ridgely reimbursement.

Finally, and for the first time on appeal, Many argues he owes no debt to Ridgely because she "breached her fiduciary duty" by "mismanaging the estate." He therefore opines she is personally liable for all remaining estate debts. However, nowhere in the record does it show that Many raised this claim with the trial court; thus, this issue is waived. *See* Tex. R. App. P. 33.1(a) ("To preserve an issue or complaint for appellate review, the record must show that the complaint was made to the trial court in a timely and sufficiently specific manner."). Accordingly, we overrule Many's third issue.

## CONCLUSION

Having overruled Many's issues, we affirm the judgment of the trial court.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Affirmed

Filed:   October 27, 2023