**Michael LURIE, et al., Appellants,**

v.

**Jerry ATKINS, Temporary Administrator of the Estate of Meyer H. Lurie, Dec'd, Appellee.**

**No. B14–83–683CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 12, 1984.

· Edmund L. Cogburn, Dow, Cogburn & Freidman, Houston, for appellants.

Jerry K. Atkins, Van McFarland, McFarland & Tondre, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

This is an attempted appeal from an order of the probate court authorizing appel-

lee to pay himself interim fees as temporary administrator of the Estate of Meyer H. Lurie. Issues in this appeal concern the propriety of the trial court (1) approving the expenditure without hearing evidence, (2) denying appellants' demand for a jury, and (3) refusing to permit cross-examination of appellee with respect to the fees. Appellee contends the order is interlocutory and not appealable. We are in accord with appellee's position.

This temporary administration became necessary because of a will contest between appellants, as contestants, and Julia Lurie (decedent's widow) and her son Grover Able as proponents of the Last Will and Testament of Meyer H. Lurie. According to appellee: "this will contest together with the existence of two going businesses and a substantial amount of real estate created the necessity that a temporary administrator be appointed to preserve and protect the assets of the estate." Appellee requested and the court approved $27,585.00 for his services for a period from May 13, 1983 through July 26, 1983. The administration was not closed on that date and the expenditure authorized was in the nature of an advance or partial payment for services rendered. In denying appellants' demand for a jury and request to cross-examine the temporary administrator, the court clearly pointed out to appellants that they would have the right to contest the "reasonableness or the necessity of the administrator fees on final account time— you won't be given a jury trial at this time. But you would be upon final account."

 In order to authorize an appeal in a probate matter, the decision, order, decree or judgment must finally dispose or be conclusive of the issue or controverted question for which the particular part of the proceeding was brought. *Fischer v. Williams,* 160 Tex. 342, 331 S.W.2d 210 (1960). The order sought to be appealed in this case does not fall within the above definition of an appealable order because it was not a final determination of the administrator's fees.

Appellants rely heavily on *Bergeron v. Session,* 554 S.W.2d 771 (Tex.Civ.App.—Dallas 1977, no writ). That case involved receivership proceedings in which a receiver was appointed in 1971 and in 1977 the receiver sought allowance for reasonable fees. The court of appeals determined that the order was final and appealable, stating

"The present order is different since, in our view, it cannot reasonably be interpreted as indicating an intention that it should be subject to revision and modification .... we hold that the present order is appealable because it finally disposes of the main controverted issue..."

*Id.* at 774–775. We believe the case is distinguishable. In our case, at the hearing on fees, appellants' attorney remarked "I would not challenge the right of the Court to award an interim administrator's fee on the basis that it was an Interlocutory Order subject to being revised by a final hearing." The trial judge replied: "That's all it is." The trial court's order approving appellee's application for fees was interlocutory and therefore not appealable. See *Meek v. Hart,* 611 S.W.2d 162 (Tex.Civ. App.—El Paso 1981, no writ).

The appeal is dismissed.