**Van E. WITTNER, Appellant,**

v.

**The Honorable James E. SCANLAN, Appellee.**

No. 01–95–00316–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 19, 1995.

Rehearing Overruled Nov. 16, 1995.

Van E. Wittner, Houston, for Appellant.

Mike Driscoll, Lana S. Shadwick, Houston, for Appellee.

Before COHEN, TAFT and HEDGES, JJ.

## OPINION

HEDGES, Justice.

Appellant complains of an order by the probate court awarding him fees in a lesser amount than he requested. We affirm.

## FACTS

Appellant was appointed administrator of a deceased's estate in 1980. On November 21, ·1994, appellant filed the first accounting with the probate court for the period beginning February 17, 1992 and ending October 31, 1994. The accounting totalling $8,077.75 included an itemization of attorney's fees and expenses incurred by the appellant between July 10, 1980 and October 31, 1994. On February 6, 1995, appellee signed an order that granted fees and expenses in the amount of $1,552.75 for appellant's services as administrator.

In one point of error, appellant contends that the trial court erred in denying a portion of the attorney's fees he requested. In reply point one, appellee argues that the order is interlocutory and not appealable. We address the jurisdictional issue first.

## APPEALABILITY OF ORDER

Section 5(f) of the Probate Code provides that "[A]ll final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeal." TEX. PROB.CODE ANN. § 5 (Vernon Supp.1995). The order must finally dispose or be conclusive of the issue or controverted question for which the particular part of the proceeding was brought. *Fischer v. Williams,* 160 Tex. 342, 331 S.W.2d 210, 213 (Tex.1960).

Appellant argues that the approval and denial of attorney fees in the order of February 6, 1995 constituted a final determination of the controverted question then before the court, citing *Cherry v. Reed,* 512 S.W.2d 705, 707 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.):

> A judgment (in probate matters) may be final in the sense that it is appealable even though further proceedings may be necessary to carry the judgment into effect; its finality is not essentially dependent upon the state of the proceeding in which it is rendered. . . . Thus, in certain instances an order may be "final" for purposes of appeal but intermediate in that further proceedings are appropriate in the case.

Appellant analogizes to cases in which intermediate orders awarding fees to receivers and accountants during the course of receiverships have been held to be appealable orders. *See Huston v. Federal Deposit Ins. Corp.*, 800 S.W.2d 845, 848 (Tex.1990). A probate order is appealable if it finally adjudicates a substantial right; if it merely leads to further hearings on the issue, it is interlocutory. *Id.*

The Dallas Court of Appeals has also held that an order approving the amount of fees to be awarded to a receiver and an accountant for their services up to the date of the order is final and appealable, not interlocutory. *Bergeron v. Session*, 554 S.W.2d 771, 775 (Tex.Civ.App.—Dallas, 1977, no writ). The administration of a receivership is in many ways analogous to the administration of a decedent's estate:

> [The administration of a receivership] is frequently an ongoing proceeding in which the rights of various parties are determined by orders of the courts from time to time, and it is not finally terminated until all of the assets in the hands of the receiver are ... delivered to the parties determined by the court to be entitled.... It would be intolerable if such intermediate orders should be considered conclusive and not subject to review until termination of receivership.

*Bergeron*, 554 S.W.2d at 775.

Because the administration of the estate in this case is an ongoing process, and because it would be unfair to defer appellate review of the order until the estate is closed, we hold that the order awarding attorney's fees to appellant is final for the purposes of appeal. Accordingly, we have jurisdiction to hear this appeal.[1]

**LIMITATIONS ISSUE**

We now turn to appellant's claim that the trial court erred in denying him a portion of the attorney's fees. We find nothing in the record to indicate that the trial court ruled on appellant's application for attorney's fees. The court's only ruling relates to fees awarded to appellant as administrator. Nor is there any support in the record for appellant's contention that the trial court refused to award a portion of the requested fees because the statute of limitations had run. A recitation in appellant's brief contending that his fees were reduced because of limitations is not evidence properly before this Court. An award of such fees is at the discretion of the trial court. We see no evidence that the trial court abused its discretion.

We overrule point of error one.

We affirm the judgment of the trial court.

---

1. Appellee cites *Lurie v. Atkins*, 678 S.W.2d 510 (Tex.App.—Houston [14th Dist.] 1984, no writ), in support of his contention that the order is interlocutory. We disagree with his reasoning because that case is distinguishable on its facts. In *Lurie*, the temporary administrator of a probate estate was awarded fees for services rendered for a particular period. *Id.* at 511. When the will proponent attempted to appeal the order, the appellate court held that the order was not a final determination of the administrator's fees and was therefore not appealable. *Id.* The court specifically noted that the probate court clearly stated that the order awarding interim administrator's fees was interlocutory, and subject to being reviewed and revised by a final account hearing. *Id.* In contrast to *Lurie*, there is no reason to infer that the probate court in this case intended to review or modify the order before us at a later date.