NO. 07-01-0371-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 14, 2002



______________________________




IN RE RESHAWN L. JOHNSON, RELATOR






_________________________________






Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTIONS FOR LEAVE TO FILE AND ENFORCEMENT OF DECISION


 Relator Reshawn L. Johnson previously filed a Petition for Writ of Mandamus asking
us to order the Honorable Bradley S. Underwood, Judge of the 364th District Court of
Lubbock County, to enter an order on his "Motion for Intra-Loan for Trial Court Transcript"
so that he might prepare a pro se post-conviction application for writ of habeas corpus. 
We conditionally granted that petition. 

 Currently before us in the same proceeding is relator's "Motion for Leave to File
Motion to Compel the Court to Recognize Defendant's Request to Exercise Right to
Appeal," in which he asks us to find that respondent has violated his rights because 
respondent has failed as of January 7, 2002, to enter an order on his motion for loan of the
trial court transcript. Further, he requests that we grant his request for a loan of the trial
transcript "solely because Respondent has acted without reference to any guiding rules
or principles, and which acts was [sic] arbitrary and unreasonable." Relator has also filed
a "Motion for Enforcement of Decision on Review" in which he asks that we enforce our
ruling on his petition for writ of mandamus.

 We have received a supplemental record showing that the trial court entered an
order denying relator's "Motion for Intra-Loan Trial Court Transcript" on December 6, 2001. 
Therefore, relator has received the relief he requested by way of his petition for writ of
mandamus, i.e., the entry of an order by the trial court. His actual request for a loan of the
trial court transcript is not properly before the court at this time. For these reasons,
relator's motions are overruled. 

 Per Curiam

Do not publish.



rulings of breach of
fiduciary duties and unlawful civil conspiracy against Reginald S.Y. Lee,
Andrews & Kurth, L.L.P. may re-submit to the Dependent Administrator its
claim for attorneys' fees and expenses . . . .


 Andrews Kurth's present motion advises us that its appeal will present one issue,
that being its contention the trial court's interlocutory order improperly denied the firm fees
for its representation of Lee. The motion asserts that summary reversal and remand of the
trial court order without full briefing is appropriate. Considering the record before us in light
of Andrews Kurth's motion, we conclude the appeal is premature. 

 Section 5(f) of the Probate Code provides "[A]ll final orders of any court exercising
original probate jurisdiction shall be appealable to the courts of appeal." TEX. PROB. CODE
§5(f) (emphasis added). To be appealable under that authority, a probate order must be
conclusive of the issue for which the particular part of the proceeding was brought. Wittner
v. Scanlan, 959 S.W.2d 640, 641 (Tex.App.-Houston [1st Dist.] 1995, writ denied) (citing
Fischer v. Williams, 331 S.W.2d 210, 213 (Tex. 1960)). "A probate order is appealable if
it finally adjudicates a substantial right: if it merely leads to further hearings on the issue,
it is interlocutory." Wittner, 959 S.W.2d at 642; see also Crowson v. Wakeham, 897
S.W.2d 779, 783 (Tex. 1995) (stating "if there is a proceeding of which the order in
question may logically be considered a part, but one or more pleadings also part of that
proceeding raise issues or parties not disposed of, then the probate order is interlocutory").

 In the present case, the trial court's order states that if the judgment against Lee 
"is reversed as to the rulings of breach of fiduciary duties and unlawful civil conspiracy
against Reginald S.Y. Lee, Andrews & Kurth, L.L.P. may re-submit to the Dependent
Administrator its claim for attorneys' fees and expenses . . . ." (emphasis added). The trial
court's order anticipates further consideration of Andrews Kurth's claim following
disposition of Lee's appeal under certain circumstances. Because, under the terms of the
order, there is the potential for further hearings regarding Andrews Kurth's claim for fees
and expenses, we conclude the trial court's order is merely interlocutory and does not
present a final appealable order. Crowson, 897 S.W.2d at 783, Wittner, 959 S.W.2d at
642. (1) 

 We have jurisdiction to consider the appeal of an interlocutory order only when
expressly provided by statute. Stary v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998) (per
curiam). Finding the order appealed is interlocutory and no statute permits our
consideration of it, we dismiss Andrews Kurth's appeal for want of jurisdiction. TEX. R.
APP. P. 42.3. Accordingly, we also dismiss Andrews Kurth's requests for judicial notice and
for a stay of the briefing deadlines as moot. 

 

 James T. Campbell

 Justice

 

 




 
1. Andrews Kurth recognizes in its motion that Lee and his attorneys are "entitled to
pursue below the return of what they lost: an award of attorneys' fees for that defense that
has now been vindicated on appeal." (emphasis added)