In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00498-CV

____________


VERNON H. HOOPER, INDIVIDUALLY AND A/N/F OF ROSEMARY

HOOPER; LINDA BARNES; VIVIAN BRADLEY; FLORENCE SMITH;

MILES LANIER; SANDRA LANIER LUPER; DEBORAH LANIER FENLEY;
AND ELIZABETH LANIER FERRIS A/N/F OF FELICITY LANIER, A MINOR;

AND LIPPE & ASSOCIATES, Appellants


v.


ROBERT G. BRUNER AND LORETTA TELTSCHICK, Appellees






On Appeal from the Probate Court No. 1

 Harris County, Texas

Trial Court Cause No. 204,229-001






O P I N I O N

 On January 31, 2001, the probate court signed an order to pay claims against the estate
of Robert E. Hooper, including attorney's fees to James R. Hunt for legal services to the
estate over a 14-year administration. The order awarded no attorney's fees to Lippe &
Associates ("Lippe"), which represented heirs having a 50% interest in the estate. On August
23, 2001, the probate court signed an order to disburse $50,000 remaining in the control of
the administrator to Bruce K. Watkins for payment of an agreed judgment in favor of the
former law firm of Reynolds, White, Allen & Cook. Lippe and the heirs it represented
(collectively, "appellants") timely appealed both the January 31, 2001 and the August 23,
2001 orders. (1) We affirm.

BACKGROUND


 Bonnie Hooper died in 1974. Her will, devising her entire estate to her husband,
Robert E. Hooper, was never probated. The primary asset of Bonnie Hooper's estate was a
tract of commercial real estate. In April 1984, Robert Hooper ("Hooper") entered into a 20-year lease agreement for the property with Loretta Teltschick. Hooper died intestate less
than one month later. 

 Hooper's sole surviving sister, Frances Christian, conveyed her interest in Hooper's
estate to her grandson, Robert Bruner. In June 1984, Bruner filed Bonnie Hooper's will as
a muniment of title. In December 1985, Teltschick filed an application for temporary
administration for the purpose of asserting her claim to rights under the lease. A temporary
administrator was appointed, and he denied Teltschick's claim. 

 In August 1986, Robert Bruner was appointed as permanent administrator. Bruner
employed James R. Hunt as attorney for the estate, agreeing to a one-third contingency-fee
contract. In 1988, the court signed an order approving the contract of employment. Bruner
and Teltschick entered into a settlement agreement that permitted Teltschick to occupy the
premises for three years or until the property was sold, whichever came first. Upon the sale
of the property, Teltschick was to receive $110,000. Teltschick agreed to pay all taxes,
collect all rents and revenues, and pay all expenses of the property during her occupancy. 
By signed order, the court approved this settlement. 

 Lippe entered into a contingency-fee agreement with heirs of Robert Hooper who had,
collectively, a 50% interest in Hooper's estate. Under this agreement, Lippe was to receive
20% of the total amount received by the heirs Lippe represented. On December 2, 1998,
Lippe filed an application for allowance of attorneys' fees and expenses for legal work
performed from December 1984 through October 1991. He requested over $100,000 in
attorneys' fees. Bruner opposed Lippe's application on the bases that no claim had been
submitted to the administrator, the claims were barred by the four-year statute of limitations,
Lippe was not authorized to perform legal services for the estate, and Lippe's services were
not requested, needed, or beneficial. 

 In October 2000, Bruner filed a motion stating that the total amount realized from the
sale of the property and other assets of the estate was $343,449.94 and asking the court to
classify and prioritize the claims. Included in the listed claims was Lippe's claim for
attorneys' fees, which was shown as rejected. Lippe, on behalf of his clients, and Teltschick
filed objections to Bruner's motion, and Teltschick filed a notice of a hearing on her
objections to be held on December 13, 2000. Lippe filed a motion for sanctions against
Bruner for incorrectly dating his certificate of service and requested a hearing on his motion
also on December 13. 

 At the hearing on December 13, Bruner, Hunt, Lippe, and Teltschick's attorney were
present, along with other attorneys representing claimants. The court denied Lippe's motion
for sanctions, and the attorneys argued to the court regarding the various claims. The court
did not make a final ruling, but asked for short brief on some of the issues. On January 31,
2001, the court signed the order to pay claims. This final order awarded Teltschick
$101,392.60, which included an offset for unpaid taxes. James Hunt was awarded
$94,093.83 in attorney's fees, and Lippe was awarded $0.00 in attorney's fees. Lippe filed
a notice of appeal of this order, naming its clients and itself as appellants. 

 In paying the amounts listed on the court's order to pay claims, Bruner withheld
$50,000 from Teltschick's claim because the law firm of Reynolds, White, Allen & Cook
("Reynolds") claimed that $50,000 should be paid directly to the firm based on an agreed
judgment in related litigation between Teltschick and the firm. Teltschick filed a motion
stating that she did not contest the payment to Reynolds. On August 23, 2001, the court
signed an order directing disbursement of the $50,000 to Reynolds, and appellants filed a
notice of appeal of that order. 

 On appeal, appellants present five issues challenging the court's award, or failure to
award, attorney's fees and one issue challenging the award to Teltschick. 

DISCUSSION


1. Notice and Hearing on Lippe's Fee Application

 In the first issue, (2) appellants assert that Lippe was entitled to notice and a hearing on
its fee application. Appellants contend that they orally requested a hearing on the application
at the December 13, 2000 hearing and requested a hearing in writing after the hearing in their
"Memorandum of Certain Heirs Concerning Payment of Claims and Attorneys' Fees." 
However, the record does not show any notice of hearing filed by appellants or a denial of
a hearing by the court. Therefore, there is nothing regarding appellants' entitlement to a
hearing for this Court to review. See Tex. R. App. P. 33.1.

 Accordingly, we overrule appellants' first issue. 

2. Lippe's Fee Application

 In their second issue, appellants contend that Lippe was entitled to recovery of a
reasonable fee from the estate. Lippe argues that, under the "common fund" doctrine it is
entitled to a reasonable percentage of the fund created by its efforts. Lippe also argues,
presumably as an alternative, that under the "lodestar" method of determining attorney's fees,
it is entitled to a fee determined by a reasonable hourly rate multiplied by the number of
hours expended, then adjusted upward or downward by various factors. 

 The administration of the Hooper estate was a dependent administration. Therefore,
Bruner, as administrator, was required to obtain the court's approval to pay any expenses or
claims. Bruner entered into a contingency fee contract with Hunt, employing Hunt as
attorney for the estate. The court approved the employment contract. The court did not
approve any contract with Lippe and did not authorize Lippe to perform any legal services
for the estate. Lippe had a 20% contingency-fee contract with his clients. This contract did
not create a claim against the estate. 

 Even if Lippe had a claim against the estate, the claim was for work performed
between 1984 and 1991. Lippe did not file the application for payment of attorney's fees
until 1998. Therefore any such claim would be barred by the general four-year statute of
limitations and the Probate Code. See Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)
(Vernon Supp. 2002); Tex. Prob. Code Ann. §§ 294(d), 298 (Vernon Supp. 2002). 

 Accordingly, we overrule appellants' second issue. 

3. Award of Attorney's Fees to Hunt

 In the third issue, appellants contend the probate court did not follow the requirements
of section 233 of the Probate Code in awarding attorney's fees to Hunt. See Tex. Prob. Code
Ann. § 233(d) (Vernon Supp. 2002). Appellants contend that the court may not find that a
contingency fee is reasonable without considering the factors in section 233: time and labor
required, customary fee, value of the property recovered, benefits to the estate, and
experience and ability of the attorney. See id. 

 The court approved the administrator's contract with Hunt in 1988. Appellants
challenged that ruling in 1995. The court denied appellants' challenge by an order signed
January 11, 1996, stating that appellants' challenge was barred by section 31 of the Probate
Code. See Tex. Prob. Code Ann. § 31 (Vernon Supp. 2002). Section 31 provides that any
interested person may challenge the probate court's order or decision by bill of review within
two years of the date of the order. See id. Lippe did not appeal the January 1996 order. 
Therefore the challenge to the contingency-fee contract is barred by res judicata. See Wittner
v. Scanlan, 959 S.W.2d 640, 641 (Tex. App.--Houston [1st Dist.] 1995, writ denied) (orders
in probate courts finally disposing of issues or controverted questions are appealable even
though further proceedings are necessary to effect judgment or order). 

 Accordingly, we overrule appellants' third issue. 

4. The Award to Teltschick

 In their fourth issue, appellants contend that a "second" settlement with Teltschick
required notice, evidence, hearing, and findings in compliance with the law. Appellants
assert that, after the first settlement in 1988, in which Teltschick was to receive $110,000
from the sale of the property, a dispute arose in 2000 regarding whether Teltschick had paid
all the property taxes as agreed. Appellants argue that this dispute was settled without a
hearing, evidence, or opportunity for cross-examination. 

 The record reflects that Bruner and Teltschick had different interpretations of
Teltschick's obligation to pay property taxes. Bruner believed that Teltschick was required
to pay taxes for the partial year she occupied the premises after the January 1996 payment. 
Teltschick believed she would not have to pay additional property taxes unless she occupied
the premises after August 1996. The parties agreed to an offset of $8,607.40 from the
original settlement of $110,000 for a total of $101,392.60 to be paid to Teltschick. 

 Appellants do not direct us to any objection they made to this offset. Therefore,
appellants have waived their objection. Accordingly, we overrule appellants' fourth issue. 

5. The Intervention

 In their fifth issue, appellants complain that the court ignored their intervention in the
interpleader action filed by Bruner. (3) 

 Because Reynolds claimed a portion of the funds awarded to Teltschick, Bruner filed
a petition in interpleader, asking the court to place $50,000 in the registry of the court. No
action was ever taken on this petition, and Bruner retained possession of the funds until the
court's order to disburse them. Therefore, there was no interpleader action in which
appellants could intervene. 

 Accordingly, we overrule appellants' fifth issue. 

6. Findings of Fact and Conclusions of Law

 In their sixth issue, appellants contend that the trial court erred in not making
requested findings of fact and conclusions of law. Although appellants made such a request,
they did not file a "Notice of Past Due Findings of Fact and Conclusions of Law." See Tex.
R. Civ. P. 297. Appellants have therefore waived his complaint. We overrule appellants'
sixth issue. 


CONCLUSION


 We affirm the probate court's orders dated January 31, 2001 and August 23, 2001. 
Any pending motions are denied as moot. 



 Sam Nuchia

 Justice


Panel consists of Chief Justice Schneider and Justices Hedges and Nuchia. 

Do not publish. Tex. R. App. P. 47.



1. The appeals from these two orders were initially given separate cause numbers: 01-01-00498-CV and 01-01-00879-CV. The causes were then consolidated under cause number
01-01-00498-CV. 
2. Appellants' six "Issues Presented" do not coincide with the six sub-parts of the
argument and authorities, although they generally cover the same complaints. Therefore, we
will refer to the issues as they are presented in the argument and authorities. 
3. Lippe also complains that the court ordered disbursement to nonexistent entities. 
Lippe has not briefed this contention, and it is, therefore, waived.