**Michael M. ROACH, Appellant**

v.

**Patricia Sue ROWLEY, Appellee.**

**No. 01–03–00057–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 19, 2004.

Kristopher M. Stockberger, Houston, TX, for Appellant.

James C. Benson, Benson & Anderson, L.L.P., Esther Anderson, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, ALCALA, and HANKS.

## OPINION

SAM NUCHIA, Justice.

Appellant, Michael M. Roach, appeals an order denying his objection to a temporary administrator's final accounting. We affirm.

## BACKGROUND

Michael Wayne Garson died on March 25, 2001, leaving his father, Robert Garson (Garson), as his only heir. Garson filed an application for letters of independent administration in which he stated that Michael Wayne Garson had died intestate. Michael Gullo filed an opposition to Garson's application, asserting that, at the time of the decedent's death, he had a valid, unrevoked, written will. Garson filed an application for the appointment of a temporary administrator pending the contest of the estate, and the probate court appointed appellee, Patricia Sue Rowley, an attorney with the firm of Benson & Anderson, as temporary administrator. Roach, a devisee under the will, filed a petition in intervention.

Between November 13, 2001 and October 7, 2002, Rowley filed nine applications for interim payment of her fees and expenses.[1] The probate court approved each of these applications, and the sums requested were paid to Benson & Anderson. Roach asserts that a total of $24,993.57 was paid to Rowley and that this amount was over 20% of the fair market value of the estate. Rowley does not contest these assertions. Roach did not file an objection to any of the applications for interim payment. Rowley filed an amended account for final settlement on November 25, 2002, and, on December 13, Roach filed his objection to the final accounting in which he objected only to the fees paid to Rowley. On December 19, the probate court signed an order denying Roach's objection and an order approving the amended final accounting. The court filed findings of fact and conclusions of law in response to Roach's timely request.

On appeal, Roach challenges the court's conclusions of law as follows:

14. Devisee does not have standing to object to Temporary Administratrix's Final Accounting in the presence of a serving personal representative.

15. Devisee waived his objection to all nine fee orders.

Roach also challenges the court's "ruling that the five percent (5%) calculation for [the temporary administrator]'s fee was unreasonably low" and the court's award to the temporary administrator of the entire amount of fees requested. We consider only Roach's first two issues regarding standing and waiver.

## DISCUSSION

*Standing*

■ Roach first complains that the probate court improperly concluded that Roach did not have standing to object to the final accounting. We review a trial court's conclusions of law de novo. *Nelkin*

---

1. Eight of these applications are in the appellate record. Rowley lists nine applications in her response to Roach's objection to the final accounting. The exact number of applications is unclear because there is some inconsistency between the applications in the record and Rowley's list. Nevertheless, Roach does not challenge the probate court's findings that nine applications were filed, that the probate court approved all nine applications by order, and that the last order was signed on October 7, 2002.

*v. Panzer*, 833 S.W.2d 267, 268 (Tex.App.-Houston [1st Dist.] 1992, writ dism'd w.o.j.).

At the time Roach filed his objection to the final accounting, the heir and devisees had reached a family settlement agreement, the probate court had signed an order approving the agreement, and Gullo, one of the devisees, had been appointed as personal representative of the estate of Michael Wayne Garson. Rowley argued in the trial court and argues on appeal that the personal representative of the estate of a decedent is the only person entitled to sue for the recovery of property belonging to the estate unless the personal representative has refused to enforce a debt due the estate, citing *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex.1971). In *Frazier*, the supreme court stated that, before heirs at law could maintain a suit for the recovery of property belonging to an estate, they must allege and prove that no administration is pending and that none is necessary. *Id.* at 752. The court applied this rule to the plaintiff's suit to recover damages for breach of a lease held by the decedent. *Id.* Although there had been no administration of the estate, there was a necessity for administration, and the heir was not entitled to maintain the suit. *Id.* at 752–53.

In the present case, Roach was not filing a lawsuit to recover property belonging to the estate. He was merely objecting, as an interested party, to the final accounting. Section 10 of the Probate Code provides:

> Any person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition, as in other suits.

TEX. PROB.CODE ANN. § 10 (Vernon 2003). Rowley argues, without citing authority, that the probate court's conclusion of law

that Roach did not have standing to object to the final accounting is "a clear exception to [Roach]'s claim of standing" under section 10. We consider the language of section 10 to be clear and to permit the filing of an objection by *any interested party* to *any issue* in *any proceeding* before the probate court.

We find no cases specifically holding that an interested party may file an objection to a final accounting even though the estate has a personal representative. However, the facts in *Burke v. Satterfield*, 525 S.W.2d 950 (Tex.1975), involve such an objection.

In *Burke*, a devisee objected to the final accounting filed by the independent executor. *Id.* at 952. The trial court dismissed the objections for lack of jurisdiction on the grounds that a probate court's control over independent administration of estates is strictly limited to situations set out in the probate code. *Id.* The court of appeals reversed, and the supreme court affirmed the court of appeals' judgment as modified and remanded the cause to the probate court for further proceedings. *Id.* The supreme court held that the language of section 149A invests the probate court with jurisdiction to consider exceptions to a final accounting. *Id.* at 954. Thus, the probate court had jurisdiction to consider the objections to a final accounting filed by an interested person.

We conclude that, under section 10 of the Probate Code, and consistent with *Burke*, any interested person may file an objection to a final accounting of a decedent's estate. We hold that Roach had standing to object to the temporary administrator's final accounting. Accordingly, we sustain Roach's first issue.

### Waiver

■ In his second issue, Roach complains that the probate court erred in concluding that his objection to the temporary

administrator's final accounting was waived. Roach contends that the annual or interim accounts are not res judicata and may be brought forward in the final accounting to be re-examined, citing *De-Gaugh v. Jamison,* 419 S.W.2d 389 (Tex. Civ.App.-Houston [1st Dist.] 1967, writ ref'd n.r.e.), and *Portanova v. Hutchison,* 766 S.W.2d 856 (Tex.App.-Houston [1st Dist.] 1989, no writ). *DeGaugh* and *Portanova* involve challenges by the heirs to administrators' handling of the estates, and the fees paid to the administrators were not an issue in either case. *See Portanova,* 766 S.W.2d at 857–58; *De-Gaugh,* 419 S.W.2d at 391.

The issue in this case is whether the orders of the probate court approving the application of the temporary administrator for payment of fees and expenses were final and appealable orders. A probate order is appealable if it finally adjudicates a substantial right; if it merely leads to further hearings on the issue, the order is interlocutory. *Wittner v. Scanlan,* 959 S.W.2d 640, 642 (Tex.App.-Houston [1st Dist.] 1995, writ denied) (citing *Huston v. Fed. Deposit Ins. Corp.,* 800 S.W.2d 845, 848 (Tex.1990)). In *Wittner,* we held that an order awarding attorney's fees was final for the purposes of appeal, reasoning that, because the administration of the estate was an ongoing process, it would be unfair to defer appellate review of the order until the estate was closed.[2] *Id.*

Roach contends that it would have been "impractical, inappropriate and onerous to police" the temporary administrator's billing practices in her applications for fees. He argues that he could not know the full value of the estate until the final accounting, and, therefore, that he could not de-

termine the proper amount of fees to be paid to the administrator until the final accounting was filed.

The record reflects that Roach received each of Rowley's applications for interim payment when they were filed with the probate court. These applications were for payment for legal fees, not fees as an administrator, and itemized time sheets were attached to the applications. In the orders awarding the requested fees, the trial court finds the fees to be reasonable compensation for the services rendered. There is no language in the orders indicating that they are interlocutory. We hold that the orders awarding Rowley's fees and expenses were final and appealable orders. Because he did not appeal these orders within 30 days, Roach has waived his appeal. Accordingly, we overrule Roach's second issue.

## CONCLUSION

Our disposition of Roach's second issue is dispositive of this appeal. Therefore, we need not reach his third and fourth issues challenging the amount of the fees paid.

We affirm the judgment.

2. In *Wittner,* we distinguished *Lurie v. Atkins,* 678 S.W.2d 510 (Tex.App.-Houston [14th Dist.] 1984, no writ) in which the appellate court held that an order awarding the administrator's fees was not a final order because, in that case, the order stated that the award of fees was interlocutory. *Wittner v. Scanlan,* 959 S.W.2d 640, 642 (Tex.App.-Houston [1st Dist.] 1995, writ denied).