NO. 07-04-0042-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 25, 2006
_____

IN RE: ESTATE OF FRANK HERSEY, DECEASED
------------------------------

LINDA KAY RISINGER HERSEY

V.

REGINALD S.Y. LEE, INDEPENDENT EXECUTOR, ET AL.
_____

FROM THE COUNTY COURT AT LAW NO. 1 OF MONTGOMERY COUNTY;

NO. 98-17,027-P; HONORABLE DENNIS WATSON, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Appellant Andrews Kurth LLP filed a notice of appeal from an order of the County Court at Law No. 1 in Montgomery County, Texas, in probate cause no. 98-17,027-P, the estate of Frank J. Hersey, deceased. The order, entitled "Interlocutory Order," denied Andrews Kurth's attorney's fees and expenses in its representation of Reginald S. Y. Lee, who served for a time as independent executor of Hersey's estate. We dismiss the appeal.

Before briefs were filed, we stayed Andrews Kurth's appeal pending our disposition of 07-03-0219-CV, an appeal from a judgment against Lee entered in cause no. 01-15925-

P in the same court. On March 24, 2006, we issued our opinion on rehearing in Lee's appeal, in which we reversed and rendered the judgment in part, affirmed it in part, and entered a take-nothing judgment in favor of Lee. *Lee v. Hersey, et al.*, 2006 WL 756088 (Tex.App.–Amarillo March 24, 2006, no pet.). On March 29, 2006, we issued an order reinstating Andrews Kurth's appeal.

Andrews Kurth now has filed a motion asking this court to grant "summary reversal" and remand of the trial court's order denying its fees and expenses or, alternatively, to find the appeal moot. The motion also requests that we take judicial notice of the record in Lee's appeal, and stay the briefing deadlines. For the reasons stated below, we dismiss the motion and the appeal.

The order from which Andrews Kurth appeals provided, in part, as follows:

> [A]ll of the claims of Andrews & Kurth, L.L.P. for all of its attorneys' fees and expenses incurred in the representation of Reginald S.Y. Lee in both the captioned Probate Proceeding and in Cause No. 01-15925; *Justin Hersey, Travis J. Hersey, and the Frank J. Hersey Family Trust v. Reginald S.Y. Lee, et al.*; in the County Civil Court at Law No. 1 of Montgomery County, Texas are DENIED, provided however, if the Final Judgment *Non Obstante Veredicto* in Cause No. 0115925 is reversed as to the rulings of breach of fiduciary duties and unlawful civil conspiracy against Reginald S.Y. Lee, Andrews & Kurth, L.L.P. may re-submit to the Dependent Administrator its claim for attorneys' fees and expenses . . . .

Andrews Kurth's present motion advises us that its appeal will present one issue, that being its contention the trial court's interlocutory order improperly denied the firm fees for its representation of Lee. The motion asserts that summary reversal and remand of the trial court order without full briefing is appropriate. Considering the record before us in light of Andrews Kurth's motion, we conclude the appeal is premature.

Section 5(f) of the Probate Code provides "[A]ll *final orders* of any court exercising original probate jurisdiction shall be appealable to the courts of appeal." TEX. PROB. CODE

2

§5(f) (emphasis added). To be appealable under that authority, a probate order must be conclusive of the issue for which the particular part of the proceeding was brought. *Wittner v. Scanlan*, 959 S.W.2d 640, 641 (Tex.App.–Houston [1ˢᵗ Dist.] 1995, writ denied) (citing *Fischer v. Williams*, 331 S.W.2d 210, 213 (Tex. 1960)). "A probate order is appealable if it finally adjudicates a substantial right: if it merely leads to further hearings on the issue, it is interlocutory." *Wittner*, 959 S.W.2d at 642; *see also Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995) (stating "if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory").

In the present case, the trial court's order states that if the judgment against Lee "is reversed as to the rulings of breach of fiduciary duties and unlawful civil conspiracy against Reginald S.Y. Lee, *Andrews & Kurth, L.L.P. may re-submit to the Dependent Administrator* its claim for attorneys' fees and expenses . . . ." (emphasis added). The trial court's order anticipates further consideration of Andrews Kurth's claim following disposition of Lee's appeal under certain circumstances. Because, under the terms of the order, there is the potential for further hearings regarding Andrews Kurth's claim for fees and expenses, we conclude the trial court's order is merely interlocutory and does not present a final appealable order. *Crowson*, 897 S.W.2d at 783, *Wittner*, 959 S.W.2d at 642.[1]

We have jurisdiction to consider the appeal of an interlocutory order only when expressly provided by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per

---

[1]Andrews Kurth recognizes in its motion that Lee and his attorneys are "entitled *to pursue below* the return of what they lost: an award of attorneys' fees for that defense that has now been vindicated on appeal." (emphasis added)

curiam). Finding the order appealed is interlocutory and no statute permits our consideration of it, we dismiss Andrews Kurth's appeal for want of jurisdiction. TEX. R. APP. P. 42.3. Accordingly, we also dismiss Andrews Kurth's requests for judicial notice and for a stay of the briefing deadlines as moot.


James T. Campbell
Justice

4