**Barbara Gail YOUNG, Appellant,**

v.

**FIRST COMMUNITY BANK, N.A., Appellee.**

No. 01–05–00910–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 26, 2006.

Robert A. Plessala, Cokinos, Bosien & Young, Houston, for appellant.

James William Freyer, Houston, for appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

SHERRY RADACK, Chief Justice.

Appellee, First Community Bank (Bank), a secured creditor of the estate of F.W. Young, deceased, applied to remove appellant, Barbara Young, as independent executor of the estate on the ground that she had not complied with statutory duties required of an executor by filing an inventory of the estate within 90 days. *See* TEX. PROB.CODE ANN. §§ 149C(a)(1), 250 (Vernon 2003). Bank also sought attorney's fees related to that effort pursuant to section 149(C)(d) of the Probate Code. *See* TEX. PROB.CODE ANN. § 149C(d) (authorizing "[c]osts and expenses incurred by the party seeking removal incident to removal of an independent executor"). The probate court did not remove Young as independent executor, but did award Bank attorney's fees and expenses related to attempting to remove her. Young brings this appeal to challenge the award of attorney's fees and expenses. We conclude that we lack jurisdiction and therefore dismiss the appeal.

## Background

F.W. Young died on June 9, 2004. On July 21, 2004, the trial court admitted F.W. Young's will to probate, ordered letters testamentary issued to Young, who was once married to F.W. Young, and appointed Young independent executor of his estate without bond. Pursuant to section 250 of the Probate Code, Young had 90 days from July 21, 2004, or until Octo-

ber 19, 2004, to file an inventory of the estate. *See* TEX. PROB.CODE ANN. § 250.

On September 21, 2004, Bank filed an authenticated claim against the estate in the amount of $41,069.87, with an additional $1,000 claim for attorney's fees. Bank claimed status as a secured creditor and holder of a November 2003 promissory note executed by F.W. Young in November 2003. The note reflects a $40,000 principal loaned at 18% interest, secured by a 1999 Volkswagen, and included a provision authorizing recovery of attorney's fees to Bank for collection on the loan. The note initially had a May 4, 2004 maturity date, which the Bank extended to August 4, 2004.

When Young had not filed the estate inventory by November 23, 2004, Bank inquired of her counsel in writing about the expected date of filing. Having received no response, on December 22, 2004, Bank filed an application to remove Young as independent executor. In an additional notice sent to Young's counsel on January 10, 2005, Bank's counsel reiterated that the yet-to-be-filed inventory formed the basis of the request to remove the executor and requested Young's address and telephone number for purposes of service of process. The record does not reflect that Young had ever sought an extension to file her inventory. *See* TEX. PROB.CODE ANN. § 149c(a)(1) (Vernon 2003).

On February 21, 2005, the day on which her answer to Bank's motion to remove her as executor was due, Young filed an inventory, appraisement, and list of claims. Though this document states that F.W. Young had a checking account with Bank, it did not acknowledge Bank's secured claim. In her response to the motion to remove her as executor, filed the next day, Young argued that the application to remove her was moot, because she had filed the inventory. The probate court approved Young's inventory, appraisement, and list of claims on February 28, 2005. The record does not show that the probate court ever ruled on Bank's motion to remove her as executor.

On March 3, 2005, the Bank filed a verified motion seeking $1,000 in attorney's fees pursuant to section 149C(d) of the Probate Code. *See* TEX. PROB.CODE ANN. § 149C(d) (authorizing payment out of the estate for costs and expenses, "including reasonable attorney's fees and expenses," incurred "by the party seeking removal incident to removal of an independent executor"). Young filed a response to the Bank's motion for attorney's fees, and the Bank filed a reply to her response. The trial court conducted a hearing on Bank's motion, but there is no record before us of that hearing. On May 12, 2005, the Bank filed a schedule of costs and expenses and an amended motion seeking additional attorney's fees incurred by those proceedings, for a total of $2,724.25. The schedule of fees and costs accompanying the motion details the type, duration, and cost of work performed in connection with the action to remove Young. The probate court awarded the Bank its requested fees and later denied Young's motion for new trial.

The trial court's order awarding $2,724.25 in attorney's fees to Bank recites in part, as follows:

... [C]ame on to be considered [Bank's] First Amended Motion for Award of Attorney's Fees Incurred by [Bank] Incident to Action to Remove Independent Executor, under Probate Code Section 149C. The Court, having considered the Motion, the docket, and arguments of counsel, if any, and the <u>Schedule of Costs and Expenses Incurred by Applicant Incident to Action Seeking Removal of Independent Executor</u> filed herein, finds that [Bank] is entitled under Probate Code § 149C(d) to recover its costs

and expenses, including reasonable attorney's fees and expenses, from the Estate, in connection with and incident to [Bank's] efforts in seeking the Executor's removal....

(Underlined emphasis in original.) The order further stated, "such sum shall be paid out of the Estate as a CLASS 2 CLAIM."

## This Court's Jurisdiction: *De Ayala v. Mackie*

### A. *De Ayala* Reaffirms *Crowson* Finality Principles

Appeals from probate court have traditionally presented jurisdictional challenges for determining whether the order appealed from is final or interlocutory. Though the supreme court defined a test for finality in *Kelley v. Barnhill,* 144 Tex. 14, 188 S.W.2d 385, 386 (1945), in *De Ayala v. Mackie,* the court acknowledged once again the "inherent difficult[y]" of determining finality for purposes of appeal under "any test." 193 S.W.3d 575, 578 (Tex. 2006) (citing *Crowson v. Wakeham,* 897 S.W.2d 779, 783 (Tex.1995)). This "inherent difficulty" can have serious consequences, because, to the extent an order is final, as opposed to interlocutory, the challenging party must timely perfect its appeal under TEX.R.APP. P. 25.1(a); 26.1(a). *See Roach v. Rowley,* 135 S.W.3d 845, 847–5 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (holding that interim orders approving temporary administrator's requests for payment of attorney's fees and expenses were final and appealable independently, but that appellate remedy waived by challenging party's failure to perfect timely appeals from individual orders). Though the Civil Practice and Remedies Code authorizes appeals from certain interlocutory orders, the Code does not encompass any probate orders per se. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp. 2005).

■ Parties may appeal only from a final judgment as a general rule. *De Ayala,* 193 S.W.3d at 578 (citing *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001)). Similarly, except when "specially provided by law," there may be but "one final judgment" rendered in any cause. TEX.R. CIV. P. 301. Consistent with these principles, the Probate Code states that "[a]ll *final* orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals." TEX. PROB.CODE ANN. § 5(g) (Vernon 2003) (emphasis added). The Probate Code specifies that some orders are final and appealable, as for example, a judgment that determines heirship, *e.g.,* TEX. PROB.CODE ANN. § 55(a) (Vernon 2003), but does not otherwise clarify what constitutes a "final" and, therefore, "appealable" judgment or order for purposes of section 5(g).

The "inherent" difficulty in determining finality arises because Texas law has long recognized that probate proceedings may involve multiple judgments "on certain discreet issues," each of which may be "final for purposes of appeal." *De Ayala,* 193 S.W.3d at 578. These "multiple" final judgments are exceptions to the "one final judgment" rule, *see id.* (citing *Lehmann,* 39 S.W.3d at 192), which the supreme court has approved because of the need to "review 'controlling, intermediate decisions before an error can harm later phases of the proceeding.'" *Id.* (quoting *Logan v. McDaniel,* 21 S.W.3d 683, 688 (Tex.App.-Austin 2000, pet. denied)).

Though reaffirming that not every intermediate order issued in a probate case is appealable, the Supreme Court of Texas acknowledged in *De Ayala* that its attempts to clarify finality and resulting appealability had met with limited success. *See id.* at 578; *see also Crowson,* 897

S.W.2d at 783 (acknowledging that former "adjudication of substantial right" test was "somewhat ambiguous," but also approving same as "factor" appropriate for consideration in determining finality).[1]

*De Ayala* held that an order that (1) denied a daughter's motion to dismiss an ancillary proceeding and (2) refused her request to remove the independent executor of an estate, was an interlocutory order and thus not immediately appealable. 193 S.W.3d at 579. The supreme court began its analysis by reaffirming the following test of finality recited from the *Crowson* opinion:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* at 578 (quoting *Crowson*, 897 S.W.2d at 783); *see* TEX. PROB.CODE ANN. § 55(a) (authorizing appeals from judgments in proceedings to determine heirship); *see also Forlano v. Joyner*, 906 S.W.2d 118, 119–20 (Tex.App.-Houston [1st Dist.] 1995, no writ) (quoting and applying same from

*Crowson*, 897 S.W.2d at 783, and holding order of transfer from county to probate court was interlocutory and thus nonappealable).

*De Ayala* also reaffirmed two additional determiners of finality from the *Crowson* case. The supreme court reiterated its recommendation in *Crowson* that parties "seek severance orders to eliminate ambiguities about whether [an] order was intended to be final and appealable," provided severance is otherwise proper under *Guaranty Federal Savings Bank v. Horseshoe Operating Company*, 793 S.W.2d 652, 658 (Tex.1990). *De Ayala*, 193 S.W.3d at 578 (citing *Crowson*, 897 S.W.2d at 783).

In addition, courts may assess finality by determining whether the order to be challenged "dispose[d] of all parties or issues in a particular phase of the proceedings" for which it was brought. *De Ayala*, 193 S.W.3d at 579 (citing *Crowson*, 897 S.W.2d at 783, and *Fischer v. Williams*, 160 Tex. 342, 331 S.W.2d 210, 213–14 (1960) (characterizing, as interlocutory, order overruling motion to dismiss because order did not dispose of pending controverted issue concerning whether will contestants had shown interest in case)); *see also Kelley*, 188 S.W.2d at 386 (applying same test to hold order denying plea in abatement, based on prior will, interlocutory and nonappealable); *Forlano*, 906

---

1. "Adjudication of a substantial right" analysis resulted in considerable confusion over whether a probate-court order was appealable. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex.2006) (noting that standard resulted in litigious contests over its parameters and describing *Crowson* as attempt to clarify "this complex area"). In cases that predate *De Ayala*, this Court relied in part on the "adjudication of a substantial right" factor in determining finality by stating that a "probate order is final and appealable if it finally adjudicates a substantial right; if it merely leads to further hearings on the issue, the order is interlocutory." *Roach v. Rowley*, 135 S.W.3d

845, 848 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (holding order final based in part on "substantial right" analysis). *Roach* declined to address a challenge to the total of a series of attorney's fees awards paid to a temporary administrator pending a contest to an estate, on the grounds that each award was a final, appealable order from which challenger should have appealed, but did not, and therefore waived. *Id.* (citing *Wittner v. Scanlan*, 959 S.W.2d 640, 642 (Tex.App.-Houston [1st Dist.] 1995, writ denied) (holding interim order final and addressing merits of challenge to denial of attorney's fees requested by administrator; affirming same)).

S.W.2d at 120 (same; quoting and citing *Crowson,* 897 S.W.2d at 783).[2]

We distinguish two cases on which both Young and Bank rely in their briefs. These are *Sammons v. Elder,* 940 S.W.2d 276 (Tex.App.-Waco 1997, writ denied), and *Garcia v. Garcia,* 878 S.W.2d 678 (Tex.App.-Corpus Christi 1994, no writ). Both cases arise in part under section 149C of the Probate Code, but neither opinion addresses whether the orders challenged were final or interlocutory. Though *Sammons,* like *De Ayala,* involved a challenge to failure to remove independent executors, the case involves additional issues related to construing a decedent's will and, moreover, the opinion refers specifically to the probate court's ruling as a "final judgment." 940 S.W.2d at 279. In addition, *Sammons* arose under the Declaratory Judgment Act, chapter 37 of the Civil Practice and Remedies Code, which also authorizes attorney's fees, subject to the trial court's discretion. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (Vernon 1997); *Sammons,* 940 S.W.2d at 284. Section 37.010 of the act specifies that, "All orders, judgments, and decrees under [chapter 37] may be reviewed as other orders, judgments, and decrees." Tex. Civ. Prac. & Rem.Code Ann. § 37.010 (Vernon 1997).

We cannot discern explicitly from *Garcia* that the appeal challenged a final judgment. The opinion suggests, however, that it involved a final judgment rendered upon a final accounting of an estate and the resulting challenge to that accounting. *See* 878 S.W.2d at 679 (finding that executor committed gross misconduct, citing failure to make final settlement, and ordering an accounting by newly appointed executor). In addition, as in *Sammons,* the trial court entered findings of fact and conclusions of law, which the reviewing court addressed on appeal pursuant to traditional standards of appellate review. *See Sammons,* 940 S.W.2d at 279; *Garcia,* 878 S.W.2d at 679–80.

To any extent that either *Sammons* or *Garcia* may have arisen from interlocutory orders, neither can apply to this case because they predate the supreme court's opinion in *De Ayala.*

### B. Application of *De Ayala* Principles

#### 1. *No Statutory Authorization to Appeal*

■ As in *De Ayala,* no statute expressly authorizes Young's appeal. *See* 193 S.W.3d at 578. Probate Code, section 5(g), the general statute authorizing appeals from probate-court orders, requires a "final" order as a prerequisite to appeal. Tex. Prob.Code Ann. § 5(g). But, section 149C, on which Bank relied in seeking its attorney's fees and expenses and on which the probate court relied in granting the request, does not specify that orders issued pursuant to the statute are final and appealable.

---

**2.** Litigants who seek immediate appellate review and who filed suit after September 1, 2001, have an additional appellate option, as the supreme court also noted in *De Ayala.* 193 S.W.3d at 580 n. 5. Though the option was not available to the *De Ayala* litigants, because the statute was not in effect when they filed suit, if the parties and the trial court agree, the parties may seek a permissive, interlocutory appeal pursuant to section 51.014(d) of the Civil Practice and Remedies Code, under the circumstances stated in that statute. *De Ayala,* 193 S.W.3d at 580 n. 5 (citing Tex. Civ. Prac. & Rem.Code Ann. § 51.014(d) (Vernon Supp.2005) (authorizing trial court to order an interlocutory appeal if (1) the parties agree that the order involves a controlling question of law as to which there is a substantial difference of opinion; (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and (3) the parties agree to the order)).

Moreover, though without citing section 149C, *De Ayala* holds that an order that refused to remove an independent executor, which also denied the challenger's motion to dismiss an ancillary proceeding, is interlocutory and not appealable. *Id.* at 579. Because *De Ayala* holds that an order refusing to remove and independent executor is interlocutory is interlocutory, it follows that an order granting attorney's fees related to seeking that relief is also interlocutory.

### 2. *No Severance Sought*

Again as in *De Ayala*, Young did not seek to sever the award of attorney's fees and expenses to Bank into a separate proceeding. 193 S.W.3d at 578.

### 3. *Unresolved Issues; Related Proceedings*

The supreme court ultimately concluded that the order challenged in *De Ayala* was interlocutory because "it did not dispose of all parties or issues in a particular phase of the proceedings" or "end a phase of the proceedings," but "merely set[ ] the stage for the resolution of all proceedings." *Id.* at 579; *see also Crowson*, 897 S.W.2d at 783 (characterizing as interlocutory, probate order that is logically part of proceeding, and other pending matters in that proceeding, that raise issues or pertain to parties not disposed of by order) (cited with approval in *De Ayala*, 193 S.W.3d at 578).

The order granting Bank's motion for attorney's fees and expenses in this case is interlocutory for the same reasons. The relief granted by the probate court constitutes only a partial disposition of the relief requested by Bank pursuant to section 149C of the Probate Code, pursuant to which Bank sought principally to remove Young as independent executor. Though Young contends, as before the probate court, that the action to remove her is moot, and though Bank has asserted that it did not "pursue" that claim, nothing in the record before us indicates that the probate court has resolved Bank's claim. Moreover, even if the probate court had resolved the claim by denying it, in accordance with the parties' contentions here, the supreme court ruled in *De Ayala* that an order denying a motion to remove an independent executor is interlocutory and not appealable. *See* 193 S.W.3d at 579.

Similarly, the order challenged here merely sets the stage for other proceedings, specifically, those related to Bank's claims and any other claims against F.W. Young's estate. *See id.* at 579; *see also Crowson*, 897 S.W.2d at 783. Though it grants Bank $2,724.25 in attorney's fees and costs "incident" to Bank's efforts to remove Young as independent executor, the order states only that the fees "shall be paid out of the Estate." No language authorizes immediate collection of the funds. Payment, therefore, can only be determined upon final settlement of the estate and, therefore, upon settlement of Bank's authenticated claim as a secured creditor and any other claims or obligations that may arise.

For these reasons, we hold that the probate court's order of June 1, 2005, which ordered that $2,724.25 be paid to Bank out of the estate of F.W. Young to Bank as attorney's fees and expenses pursuant to section 149C of the Probate Code, is an interlocutory order that is, therefore, not appealable.

### Conclusion

We conclude that we lack jurisdiction and dismiss the appeal.