

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00054-CV

IN THE ESTATE OF GORDY CLINTON LYNCH, DECEASED

On Appeal from the 97th District Court
Montague County, Texas[1]
Trial Court No. 25-169-DCCV-0224, Honorable Trish Coleman Byars, Presiding

March 31, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Brian E. Powers, appeals from four orders issued in the probate proceedings of the Estate of Gordy Clinton Lynch. Appellees, Kelli Alker, Kerri Hudson, and Melody Hamilton, move to dismiss the appeal for want of jurisdiction, contending Powers's notice of appeal was untimely. We agree and dismiss the appeal.

---

[1] This matter was transferred from the Second Court of Appeals in Fort Worth pursuant to a docket equalization order of the Supreme Court of Texas. We apply the Second Court's precedent to the extent it conflicts with our own. See TEX. R. APP. P. 41.3.

BACKGROUND

In 2022, Powers filed an application to probate the will of Gordy Clinton Lynch, deceased. The trial court probated the will and issued letters testamentary to Powers as independent executor. Thereafter, Appellees began to challenge Powers's administration of the Estate and his compensation, including fees sought for services he provided as both executor and a licensed attorney. Appellees moved to remove Powers, appoint a successor independent executor, require Powers to deliver all Estate funds to the successor executor, and deny Powers any attorney or executor fees from the Estate.

On May 15, 2025, the trial court signed an *Amended Order Removing Independent Executor,*[2] removing Powers as executor; ordering him to deliver all assets of the Estate to his successor, once appointed; and directing him to surrender all letters testamentary.[3] On July 14, 2025, the trial court signed three additional orders concerning Powers's compensation: (1) an *Order for Disgorgement of Attorney Fees*, disgorging $240,000 of attorney fees paid to Powers by Hamilton; (2) an *Order Denying Executor's Commission and Expenses*, denying Powers "any and all executor's commissions and fees in his capacity as Independent Executor"; and (3) an *Order Authorizing Payment of Attorney's Fees and Expenses,* directing the Estate to pay Powers $10,000 in attorney fees.

Hamilton later moved to sever the *Order for Disgorgement of Attorney Fees*. On October 7, 2025, the trial court signed an order severing the *Amended Order Removing Independent Executor*, *Order for Disgorgement of Attorney Fees*, *Order Denying*

---

[2] The trial court previously signed an *Order Removing Independent Executor* on May 7, 2025.

[3] L. Stephen Franscini posted bond as temporary administrator of the Estate on July 14, 2025.

*Executor's Commission and Expenses*, and *Order Authorizing Payment of Attorney's Fees and Expenses* into a separate cause.  Powers appealed all four orders on December 2, 2025.

## ANALYSIS

A timely notice of appeal is essential to invoking this Court's appellate jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997).  Absent a timely post-judgment motion extending the deadline, a notice of appeal must be filed within thirty days after the trial court signs a final judgment.  TEX. R. APP. P. 26.1(a).

As a general rule, appeals may be taken only from final judgments or from interlocutory orders made appealable by statute.  *See Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 195 (Tex. 2001).  Probate proceedings, however, are an established exception to the "one final judgment" rule.  *Brittingham-Sada de Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006).  Because probate administration often unfolds in discrete stages, multiple orders may be final for purposes of appeal if they conclusively resolve a particular phase of the proceeding.  *Id*.  This exception reflects the practical need to permit appellate review of controlling intermediate decisions before error can affect later phases of the administration.  *Id*.

Accordingly, to determine whether Powers's notice of appeal was timely filed, we must first decide whether the trial court's orders were final and appealable.  In probate matters, finality is evaluated under the two-part test articulated in *Crowson v. Wakeham*, 897 S.W.2d 779 (Tex. 1995).  If a statute expressly declares a particular type of probate

3

order final and appealable, that statute controls. *See* TEX. ESTATES CODE § 32.001(c) ("A final order issued by a probate court is appealable to the court of appeals."); *Crowson*, 897 S.W.2d at 783. Otherwise, an order is appealable if it adjudicates a substantial right and disposes of all issues in a discrete phase of the proceeding. *Id*. at 782–83. Conversely, an order is interlocutory if it is part of a continuing proceeding in which other pleadings remain pending that leave issues or parties unresolved. *Id*. at 783.

Applying that framework requires identification of the relevant phase of the probate proceeding. The orders at issue removed Powers as independent executor, required disgorgement of $240,000 in attorney fees, awarded $10,000 in attorney fees, and denied any additional compensation. These rulings concern two discrete matters: Powers's status as independent executor and the determination of his compensation in that capacity.

As to the first prong of the *Crowson* test, there is no express statute in the Estates Code designating the removal of an independent executor or the determination of the executor's compensation as final and appealable. We therefore proceed to the second prong and consider whether such orders adjudicate a substantial right and conclude a discrete phase of the probate proceeding.

In this case, Appellees filed a joint motion seeking removal of Powers as independent executor, asserting that he failed to file an accounting, engaged in gross misconduct and mismanagement of the estate, and was incapable of fulfilling his fiduciary duties due to material conflicts of interest. The motion sought both Powers's removal and the denial of his executor and attorney fees.

4

Texas appellate courts have consistently recognized that an order removing an executor or administrator adjudicates a substantial right because it conclusively resolves the specific issue for which that portion of the probate proceeding was initiated. *See, e.g., Spies v. Milner*, 928 S.W.2d 317, 319 (Tex. App.—Fort Worth 1996, no writ) (disqualification of executrix adjudicated her substantial right to serve and was a final, appealable order); *In re Estate of Boren,* 268 S.W.3d 841, 845 (Tex. App.—Texarkana 2008, pet. denied) ("The right to serve as the executor of an estate is a 'substantial right' and a denial of that right is a final and appealable order."). Thus, to be appealable, the order only has to finally dispose of the issue or controverted question for which that particular part of the proceeding was brought. *In re Estate of Boren,* 268 S.W.3d at 845.

When the trial court issued its orders removing Powers and awarding him only $10,000 in compensation, there were no ongoing proceedings relevant to that specific issue. *See In re Estate of Washington*, 262 S.W.3d 903, 905–06 (Tex. App.—Texarkana 2008, no pet.). These orders, thus, concluded a discrete phase of the probate proceedings, disposing of every issue raised in the pleadings for that part of the probate proceeding. *See In re Estate of Byrom*, No. 12-09-00279-CV, 2011 Tex. App. LEXIS 1081, at *8–9 (Tex. App.—Tyler Feb. 16, 2011, pet. denied) (mem. op.) (determining that probate order that removed independent executor for cause and awarded attorney's fees disposed of all issues in the phase of the proceeding); *Wittner v. Scanlan*, 959 S.W.2d 640, 642 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("Because the administration of the estate in this case is an ongoing process; and because it would be unfair to defer appellate review of the order until the estate is closed, we hold that the order awarding attorney's fees to appellant is final for the purposes of appeal.").

5

Consequently, the orders removing Powers as executor and determining his compensation became final and appealable on July 14, 2025, when the trial court disposed of all issues remaining in that phase of the proceedings. Powers's deadline to file a notice of appeal was therefore triggered upon the trial court's signing of the July 14, 2025, orders. Because he did not file a motion for new trial, motion to modify the judgment, or requests for findings, his notice of appeal was due within thirty days, by August 13, 2025. *See* TEX. R. APP. P. 26.1(a). Powers did not file a notice of appeal until December 2, 2025, rendering it untimely. *See In re Estate of Davidson*, No. 05-15-00432-CV, 2016 Tex. App. LEXIS 8801, at *6 (Tex. App.—Dallas Aug. 11, 2016, no pet.) (mem. op.) (holding that the trial court's order removing appellant as co-executor was final and appealable, and that appellant waived any challenge to the order by failing to timely appeal).

In his response to Appellees' motion to dismiss, Powers argues that the appellate deadline did not begin to run until the trial court later signed a severance order. But a severance is not required to render an otherwise final probate order appealable; it merely eliminates uncertainty when finality is unclear. *See Crowson*, 897 S.W.2d at 783. Because the orders here were already final under the *Crowson* test, the subsequent severance did not restart or extend the appellate timetable.

Because Powers filed an untimely notice of appeal, we grant Appellees' motion to dismiss and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

The appeal is dismissed.

Per Curiam

6